Andrew Rozynski, Esq. (NY# 5054465; *pro hac vice*, to be filed)
Grace Caroline Mahan, Esq. (TX# 24106239)
EISENBERG & BAUM, LLP
24 Union Square East, Fourth Floor
New York, NY 10003
212-353-8700 (tel.)
212-353-1708 (fax)
arozynski@eandblaw.com
gmahan@eandblaw.com
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

---

JANE CUMMINGS,

    Plaintiff,

    v.

NEIGHBORHOOD ASSISTANCE
CORPORATION OF AMERICA,

    Defendant.

---

**COMPLAINT**

Civ No. 18-1746

**DEMAND FOR JURY TRIAL**

Plaintiff, JANE CUMMINGS, by and through her undersigned counsel, EISENBERG & BAUM, LLP, hereby files this Complaint against Defendant, NEIGHBORHOOD ASSISTANCE CORPORATION OF AMERICA and alleges as follows:

**PRELIMINARY STATEMENT**

1. Plaintiff Jane Cummings is a deaf individual who communicates primarily in American Sign Language ("ASL"). Plaintiff has been deaf since birth. Her deafness impacted her ability to learn and acquire language from an early age, and as a result, she has difficulty communicating in English. Defendant (NACA) is a public homeownership corporation classified as a non-profit 501(c)4 organization. NACA is open to all community residents and members receive NACA's services for free. To become a member, an individual must attend NACA workshops, complete a web submission, and volunteer and become a NACA Advocate.

2. Defendant has prevented Plaintiff from becoming involved with and benefitting from NACA's services, and has discriminated against Plaintiff unlawfully on the basis of Plaintiff's disability of deafness by refusing to provide the ASL interpreters that Plaintiff requires to attend and participate in Defendant's workshops.

3. Based on Plaintiff's allegations herein, it is evident that Defendant has failed to implement policies, procedures, and practices respecting the civil rights and communication needs of deaf individuals. Plaintiff brings this lawsuit to compel Defendant to cease unlawful discriminatory practices and implement policies and procedures that will ensure effective communication, full and equal enjoyment, and a meaningful opportunity to participate in and benefit from Defendant's services.

4. Plaintiff seeks declaratory, injunctive, and equitable relief; compensatory and exemplary damages; and attorneys' fees and costs to redress Defendant's unlawful discrimination on the basis of Plaintiff's disability in violation of Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12181 et seq.; Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794 ("RA"); Section 121.003 of the Texas Human Resources Code, and other state and common

law causes of action.

## THE PARTIES

5. Plaintiff JANE CUMMINGS brings this action as a resident of Fort Worth, Texas. Plaintiff is a profoundly deaf individual who primarily communicates in American Sign Language. She is an individual with a disability within the meaning of federal and state civil rights laws.

6. Defendant NEIGHBORHOOD ASSISTANCE CORPORATION OF AMERICA (NACA) is a public homeownership organization classified as a 501(c)4 non-profit institution. Defendant has an office location at 7220 South Westmoreland Road Dallas, Texas 75237. Defendant receives federal funding in the form of United States Department of Housing and Urban Development grants. Defendant is a public accommodation and is subject to the requirements of Title III of the ADA and Section 504 of the RA, and Section 121.003 of the Texas Human Resources Code.

## JURISDICTION & VENUE

7. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1343 for Plaintiff's claims arising under federal law, and supplemental jurisdiction pursuant to 28 U.S.C. § 1367 for Plaintiff's claims arising under state law.

8. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because Plaintiff resides in this judicial district and because Defendant has sufficient contacts with this District to subject it to personal jurisdiction and had those contacts at the time this action is commenced. Additionally, the acts and omissions giving rise to this Complaint occurred within this District.

## STATEMENT OF FACTS

9. Plaintiff Jane Cummings is profoundly deaf and communicates primarily in American Sign Language (ASL).

10. Defendant is a public homeownership organization classified as a 501(c) 4 non-profit institution. Defendant has an office location in Dallas, Texas.

11. Plaintiff first became interested in Defendant's services through information she received through Facebook and through a friend. She decided to become a NACA member in order to gain the opportunity to buy a house.

12. On July 19, 2016, Plaintiff called Defendant's Dallas office to inquire as to the required process for becoming a NACA member. She spoke to Celia Garza at the front desk and was told that she would need to attend a number of workshops to become a NACA member. Plaintiff informed Ms. Garza that she would require an interpreter for the workshops. The Ms. Garza stated that NACA probably would not provide an interpreter.

13. Plaintiff was transferred to NACA account manager Mickie Thompson to whom she made a formal request that an ASL interpreter be provided for NACA workshops so that she could understand and participate.

14. In response to Plaintiff's request, Ms. Thompson stated that NACA would not provide an interpreter for the workshop because NACA did not wish to pay for one. Instead, Ms. Thompson asked if Plaintiff could bring a family member or friend to interpret for her.

15. Plaintiff stated that she refused to bring a family member to interpret for her. Ms. Thompson responded that Plaintiff should trust her children to interpret for her and that they had previously had a blind individual bring their own assistant so that they could participate in NACA events. Ms. Thompson told Plaintiff that previous workshop participants with disabilities provided their own accommodations and interpreters and that Plaintiff would be required to do the same.

16. Plaintiff informed Ms. Thompson that the ADA required the provision of auxiliary aids to ensure equal benefits of Defendant's services to her, and that she would contact ADA

officials to resolve the situation.

17.     Ms. Thompson then hung up on Plaintiff.

18.     On July 20, 2016, Plaintiff filed an ADA complaint with the U.S. Department of Justice on the grounds that Defendant had discriminated against her in violation of the ADA.

19.     On August 11, 2016, Plaintiff again contacted Defendant's offices to request that an interpreter be provided so that she may participate in and benefit from Defendant's services.

20.     Defendant's staff again refused to provide Plaintiff an interpreter, arguing that providing the service would cost too much.

21.     To date, Defendant has refused to provide an interpreter to enable Plaintiff to attend NACA workshops.

22.     Without the aid of an interpreter, Plaintiff has been unable to attend the workshops or become a member of the NACA. She has therefore been unable to gain access to the information she needs to be afforded the opportunity to own her own home.

23.     Plaintiff therefore continues to be harmed by Defendant's conduct.

24.     Defendant has intentionally prevented Ms. Cummings from participating in NACA workshops and becoming a member of the NACA by failing to provide the ASL interpreters necessary for her participation.

25.     Defendant intentionally discriminated against Plaintiff with deliberate indifference to her rights and to her communication needs, causing Plaintiff to suffer humiliation, frustration, and emotional distress, and inhibiting her from having the opportunity to engage in the process of homeownership.

26.     Plaintiff still wishes to attend NACA workshops and become a NACA member, but is being prevented from doing so by Defendant's discrimination against her on the basis of her

disability.

## **CLAIM 1: VIOLATIONS OF TITLE III OF THE AMERICANS WITH DISABILITIES ACT**

27. Plaintiff repeats and realleges all preceding paragraphs in support of this claim.

28. At all times relevant to this action, Title III of the ADA, 42 U.S.C. § 12181, et seq., has been in full force and effect and has applied to Defendant's conduct.

29. Defendant owns, leases, and/or operates a place of public accommodation within the meaning of Title III of the ADA, 42 U.S.C. § 12181(7) (D).

30. At all times relevant to this action, Plaintiff has been substantially limited in the major life activities of hearing and speaking, and is an individual with a disability within the meaning of the ADA, 42 U.S.C. § 12102(2).

31. Title III of the ADA provides that "[n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a).

32. Title III of the ADA provides that "[i]t shall be discriminatory to subject an individual or class of individuals on the basis of a disability or disabilities of such individual or class, directly, or through contractual, licensing, or other arrangements, to a denial of the opportunity of the individual or class to participate in or benefit from the goods, services, facilities, privileges, advantages, or accommodations of an entity." 42 U.S.C. § 12182(b)(1)(A)(i).

33. Title III of the ADA provides that "[i]t shall be discriminatory to afford an individual or class of individuals, on the basis of a disability or disabilities of such individual or class, directly, or through contractual, licensing, or other arrangements with the opportunity to

participate in or benefit from a good, service, facility, privilege, advantage, or accommodation that is not equal to that afforded to other individuals." 42 U.S.C. § 12182(b)(1)(A)(ii).

34. Title III of the ADA provides that "[i]t shall be discriminatory to provide an individual or class of individuals, on the basis of a disability or disabilities of such individual or class, directly, or through contractual, licensing, or other arrangements with a good, service, facility, privilege, advantage, or accommodation that is different or separate from that provided to other individuals, unless such action is necessary to provide the individual or class of individuals with a good, service, facility, privilege, advantage, or accommodation, or other opportunity that is as effective as that provided to others." 42 U.S.C. § 12182(b)(1)(A)(iii).

35. Federal regulations implementing Title III of the ADA provide that "[a] public accommodation shall furnish appropriate auxiliary aids and services where necessary to ensure effective communication with individuals with disabilities." 28 C.F.R. § 36.303(c)(1).

36. Title III of the ADA mandates that public accommodations "take such steps as may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services." 42 U.S.C. § 12182(b)(2)(A)(iii); see also Cal. Civ. Code § 51.5; Cal Civ. Code § 54.1.

37. Pursuant to Title III of the ADA, Defendant has an affirmative duty to provide accommodations for Ms. Cummings so that she may participate in NACA workshops as would any other non-disabled participant.

38. The ADA and its promulgating regulations specifically instruct that the type of auxiliary aid or service provided shall be based on the "method of communication used by the individual, the nature, length, and complexity of the communication involve, and the context in which the communication is taking place," rather affordability of the auxiliary aid or service. 28

C.F.R. §36.303(c)(1)(ii).

39. Defendant discriminated against Plaintiff, on the basis of her disability, in violation of Title III of the ADA and its implementing regulations.

40. As set out above, injunctive relief is warranted to ensure that Defendant's actions will not recur with Plaintiff and/or additional deaf persons.

41. Plaintiff is therefore entitled to injunctive relief, as well as an award of attorneys' fees, costs, and disbursements pursuant to the ADA, 42 U.S.C. § 12188(a)(1), and/or common law.

## CLAIM 2: VIOLATIONS OF SECTION 504 OF THE REHABILITATION ACT

42. Plaintiff repeats and realleges all preceding paragraphs in support of this claim.

43. At all times relevant to this action, Section 504 of the Rehabilitation Act, 29 U.S.C. § 794 was in full force and effect and applied to the Defendant's conduct.

44. At all times relevant to this action, Plaintiff has had substantial impairment to the major life activities of hearing and speaking within the meaning of the Rehabilitation Act regulations at 45 C.F.R. § 84.3(j). Accordingly, she is an individual with a disability as defined under 29 U.S.C. § 708(20)(B), Section 504, as amended.

45. At all times relevant to this action, Defendant has received federal funds, and has therefore been a program or activity receiving federal financial assistance pursuant to 29 U.S.C. § 794(b).

46. Pursuant to Section 504, "No otherwise qualified individual with a disability . . . shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance . . . ." 29 U.S.C. § 794.

47. Defendant has discriminated and continues to discriminate against Plaintiff solely

on the basis of her disability by denying her meaningful access to the services, programs, and benefits the Defendant offers to other individuals, and by refusing to provide auxiliary aids and services necessary to ensure effective communication, in violation of Section 504 of the Rehabilitation Act. 29 U.S.C. § 794.

48. Defendant further discriminated against the individual Plaintiff by failing to ensure effective communication through the specific provision of qualified in-person interpreters.

49. Plaintiff is therefore entitled to compensatory damages, injunctive relief, and an award of attorney's fees, costs, and disbursements, pursuant to 29 U.S.C. § 794(a).

**CLAIM 3: VIOLATIONS OF THE TEXAS HUMAN RESOURCES CODE § 121.003**

50. Plaintiff repeats and realleges all preceding paragraphs in support of this claim.

51. At all times relevant to this action, Plaintiff was substantially limited in the major life activities of hearing and speaking. Accordingly, she is an individual with a disability as defined under Chapter 121 of the Texas Human Resources Code, § 121.002(4) (D)-(E).

52. Defendant owns, leases, and/or operates a place of public accommodation as defined under Chapter 21 § 121.002(5).

53. Chapter 121 of the Texas Human Resources Code provides that "[p]ersons with disabilities have the same right as persons without disabilities to the full use and enjoyment of any public facility in the state." Tex. Hum. Res. Code § 121.003(a).

54. Chapter 121 defines "discrimination" as a failure to "make reasonable accommodations in policies, practices, and procedures; or provide auxiliary aids and services necessary to allow the full use and enjoyment of the public facility." Id. § 121.003(d)(2)-(3).

55. Defendant failed to provide the auxiliary aids and services necessary to accommodate Ms. Cummings disability.

56. For the reasons described above, Defendant failed to make reasonable accommodations for Plaintiff in the form of the auxiliary aids and services necessary to accommodate her disability. In doing so, Defendant denied Plaintiff access to its services in the same manner that they are provided to non-disabled individuals. Accordingly, Defendant violated Plaintiff's rights pursuant to Chapter 121 of the THRC.

57. Chapter 121 of the THRC provides that an individual may seek a civil remedy in a court of competent jurisdiction if she has been denied access to any public facility or service or if an entity has failed to provide him with reasonable accommodations. *Id*. §121.003-121.004.

58. Under Chapter 121 any public or private organization that violates the provisions of Section 121.003, "is deemed to have deprived a person with a disability of his or her civil liberties. The person with a disability deprived of his or her civil liberties may maintain a cause of action for damages in a court of competent jurisdiction, and there is a conclusive presumption of damages in the amount of at least $300 to the person with a disability." *Id*. § 121.0004(b).

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully prays that this Court grant the following relief:

a. Enter a declaratory judgment, pursuant to Rule 57 of the Federal Rules of Civil Procedure, stating that Defendant's policies, procedures, and practices have subjected Plaintiff to unlawful discrimination in violation of Title III of the Americans with Disabilities Act, Section 504 of the RA, and Section 121.003 of the Texas Human Resources Code.

b. Issue an injunction forbidding Defendant from implementing or enforcing any policy, procedure, or practice that denies deaf or hard of hearing individuals, or their companions, meaningful access to and full and equal enjoyment of Defendant's goods, services, facilities, privileges, advantages, and/or accommodations;

    c.   Issue an injunction ordering Defendant:

        i.   to provide the ASL interpreters necessary to enable Plaintiff to attend and participate in NACA workshops;

        ii.   to enable Plaintiff to participate fully and equally in Defendant's goods, facilities, privileges, advantages, and/or accommodations;

        iii.   to develop, implement, promulgate, and comply with a policy prohibiting future discrimination against Plaintiff or other deaf or hard of hearing individuals;

        iv.   to train all its employees, staffs, and other agents on a regular basis about the rights of individuals who are deaf or hard of hearing under the ADA and the RA;

    d.   Award to Plaintiff:

        i.   Compensatory damages pursuant to Title III of the ADA, Section 504 of the Rehabilitation Act, and Section 121.003 of the Texas Human Resources Code;

        ii.   Reasonable costs and attorneys' fees pursuant to the ADA, the RA, and the THRC;

        iii.   Interest on all amounts at the highest rates and from the earliest dates allowed by law;

        iv.   Any and all other relief that this Court finds necessary and appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury for all of the issues a jury properly may decide, and for all of the requested relief that a jury may award.

Dated: July 3, 2018

                                                  Respectfully submitted,

                                                  EISENBERG & BAUM, LLP
                                                  24 Union Square East, Fourth Floor

New York, NY 10003
212-353-8700 (tel.)
212-353-1708 (fax)
*Attorneys for Plaintiff*


By:

*/s/ Grace Mahan*

Grace Caroline Mahan, Esq.
TX# 24106239
gmahan@eandblaw.com


Andrew Rozynski, Esq.
NY# 5054465; *prohac vice*, to be filed
arozynski@eandblaw.com