**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **JANE CUMMINGS,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 3:18-cv-01746-M** |
| | § | |
| **NEIGHBORHOOD ASSISTANCE** | § | |
| **CORPORATION OF AMERICA,** | § | |
| | § | |
| **Defendant.** | § | |

**DEFENDANT'S MOTION TO DISMISS, OR ALTERNATIVELY, MOTION**
**FOR SUMMARY JUDGMENT AND BRIEF IN SUPPORT THEREOF**

Jo Beth Drake
State Bar No. 24045942

QUINTAIROS, PRIETO, WOOD
AND BOYER, LLP
1700 Pacific Avenue, Suite 4545
Dallas, Texas 75201
214.754.8755
 (f) 214.754.8744

*Counsel for Defendant*
*Neighborhood Assistance*
*Corporation of America*

## <u>TABLE OF CONTENTS</u>

Table of Authorities ...............................................................................................iii-vii

I.      Summary ...........................................................................................................1

II.     Summary Judgment Evidence ........................................................................1

III.    Legal Standard ............................................................................................ 1-3

IV.     Statement of Material Facts of Record ...................................................... 3-5

V.      Argument and Authorities.......................................................................... 5-19

      A.      Subject matter jurisdiction is lacking because Plaintiff has
            no standing, which is a fatal defect to her claims. .............................. 3-10

            1.      Subject-Matter Jurisdiction under Federal Rule of Civil
                  Procedure 12(b)(1) .......................................................................... 5-6

            2.      Cummings has no standing to bring claims under the
                  ADA because she did not have actual knowledge that
                  NACA would not accommodate her at a workshop or
                  any other service ........................................................................... 6-10

      B.      Cummings also lacks standing under the ADA and
            Rehabilitation Act due to her future injury being
            speculative, which cannot support injunctive relief........................ 10-13

      C.      Supplement jurisdiction over state law claims fails without
            original jurisdiction on the federal claims .............................................13

      D.      Alternatively, Plaintiff's Complaint fails to state a valid
            claim upon which relief may be granted, given the defects
            in her claims ................................................................................... 13-18

            1.      Dismissal under Federal Rule of Civil Procedure
                  12(b)(6) and/or 12(c) ................................................................... 13-14

            2.      Cummings fails to state a valid claim under the ADA
                   and Rehabilitation Act because the law does not
                  guarantee her the accommodation of her choice ........................ 14-16

            3.      Cummings cannot state a valid claim for relief under the
                   ADA or Rehabilitation Act because she has only
                  asserted damages for which she cannot recover......................... 16-17

            4.      Cummings likewise fails to state a valid claim for relief
                   under state law ............................................................................. 17-18

i

E.   If the federal claims are dismissed for reasons other than lack of jurisdiction, the Court should decline to exercise supplemental jurisdiction over any remaining state law claim....................................................................................................................18

F.   Alternatively, NACA's Motion for Summary Judgment................................. 18-19

Conclusion and Prayer ...........................................................................................................19

# TABLE OF AUTHORITIES

| Cases | Page(s) |
|---|---|

*S.R.P. ex rel. Abunabba v. United States,*
   676 F.3d 329 (3d Cir. 2012)...............................................................................6

*Kemp v. Holder,*
   610 F.3d 231 (5th Cir. 2010) ....................................................................10, 15

*Ajuluchuku v. FedEx Kinko's Office and Print Svcs., Inc.,*
   2006 WL 6912919 (N.D. Tex. June 30, 2006) ........................................7

*Arbaugh v. Y&H Corp.,*
   546 U.S. 500 (2006)..................................................................1, 2, 5, 6, 13

*Arena v. Graybar Elec. Co.,*
   669 F.3d 214 (5th Cir. 2012) ...........................................1, 5, 6, 13, 18

*Armstrong v. Turner Indus., Inc.,*
   141 F.3d 554 (5th Cir. 1998) ..........................................................10

*Ashcroft v. Iqbal,*
   556 U.S. 662, 129 S.Ct. 1937 (2009).............................................14

*Barnes v. Gorman,*
   536 U.S. 181, 122 S.Ct. 2097 (2002).............................................12

*Bell Atl. Corp. v. Twombly,*
   550 U.S. 544 (2007)........................................................................14

*Betancourt v. Federated Dept. Stores,*
   732 F.Supp.2d 693 (W.D. Tex. 2010).......................................7, 8, 11

*Bracken v. G6 Hospitality LLC,*
   No. 4:14-CV-644-ALM-CAN, 2016 WL 3946791 (E.D. Tex. June 3, 2016).........................8

*Brookshire Bros. Holding v. Dayco Prods.,*
   554 F. 3d 595 (5th Cir. 2009) ........................................................18

*Byers v. Dallas Morning News, Inc.,*
   209 F.3d 419 (5th Cir. 2000) ..........................................................3

*Campbell v. Lamar Institute of Technology,*
   842 F.3d 375 (5th Cir. 2015) ....................................................15, 16

*Celotex Corp. v. Catrett,*
   477 U.S. 317 (1986)........................................................................3

*City of Los Angeles v. Lyons*,
    461 U.S. 95, 103 S. Ct. 1660, 75 L. Ed. 2d 675 (1983)..................................................10, 12

*Cox v. City of Dallas, Tex.*,
    256 F.3d 281 (5th Cir. 2001) .......................................................................................6, 7, 12

*Crane v. Johnson*,
    783 F.3d 244 (5th Cir. 2015) .........................................................................................2, 5, 6

*Cuvillier v. Taylor*,
    503 F.3d 397 (5th Cir. 2007) ..............................................................................................14

*Dabney v. Highland Park Indep. Sch. Dist.*,
    Civil Action No. 3:15-CV-2122-L, 2016 WL 1273467 (N.D. Tex.
    Mar. 31, 2016).............................................................................................................17, 18

*Deutsch v. Annis Enterprises, Inc.*,
    882 F.3d 169 (5th Cir. 2018) ...............................................................................................11

*Frame v. City of Arlington*,
    657 F.3d 215 (5th Cir. 2011) ........................................................................10, 11, 12, 15

*Giles v. Gen. Elec. Co.*,
    245 F.3d 474 (5th Cir. 2001) ...............................................................................................17

*Guardians Ass'n v. Civil Service Comm'n*,
    463 U.S. 582 (1983)................................................................................................................7

*Harold H. Huggins Realty, Inc. v. FNC, Inc.*,
    634 F.3d 787 (5th Cir. 2011) ...............................................................................................14

*Hunter v. Branch Banking & Trust Co.*,
    Civil Action No. 3:12-CV-2437-D, 2013 WL 4052411 (N.D.Tex. Aug.
    12, 2013) .............................................................................................................................11

*Irwin v. Veterans' Admin.*,
    874 F.2d 1092 (5th Cir. 1989) ...............................................................................................5

*Jane Cummings v. Premier Rehab, P.L.L.C.*,
    Civil Action No. 4:18-CV-649-A, 2019 WL 227411 (N.D.Tex. Jan.
    16, 2019) ...................................................................................................................8, 11, 12

*Khan v. Albuquerque Pub. Sch.*,
    652 F.Supp.2d 1211 (D.N.M. 2003) ...................................................................................13

*Kiper v. BAC Home Loans Servicing, LP*,
    884 F.Supp.2d 561 (S.D. Tex. 2012) .............................................................................2, 6, 14

*Lujan v. Defenders of Wildlife,*
    504 U.S. 555, 112 S.Ct. 2130 (1962) ............................................................5, 6, 12

*Martin* v. *Halifax Healthcare System, Inc.,*
    621 F.App'x. 594 (11th Cir. 2015) ..............................................................15, 16

*Martinson v. Via Metro. Transit,*
    Civil Action No. SA-05-CV-0341-RF, 2006 WL 3062652 (W.D. Tex.
    Oct. 4, 2006) ..........................................................................................18

*Morris v. U.S. Dept. of Justice,*
    540 F.Supp. 898 (S.D.Tex. 1982) ...............................................................18

*Norris v. Causey,*
    869 F.3d 360 (5th Cir. 2017) ....................................................................1, 6

*Norwegian Bulk Transp. A/S v. Int'l Marine Terminals P'ship,*
    520 F.3d 409 (5th Cir. 2008) ........................................................................3

*Pickern* v. *Holiday Quality Foods, Inc.,*
    293 F.3d 1133 (9th Cir. 2002) ...................................................................7, 10

*Ramsey v. Henderson,*
    286 F.3d 264 (5th Cir. 2002) ........................................................................3

*Sadik v. Univ. of Houston,*
    No. H-03-4296, 2005 WL 1828588 (S.D.Tex. Aug. 1, 2005) ................................17

*Salinas v. O'Neill,*
    286 F.3d 827 (5th Cir. 2002) .......................................................................17

*Simon v. Eastern Ky. Welfare Rights Org.,*
    426 U.S. 26 (1976) .....................................................................................7

*Slaughter v. S. Talc Co.,*
    949 F.2d 167 (5th Cir. 1991) ........................................................................3

*Spokeo, Inc. v. Robins,*
    136 S.Ct. 1540 (2016) ...............................................................................10

*Sprint Comm. Co., L.P. v. APCC Services, Inc.,*
    554 U.S. 269, 128 S.Ct. 2531 (2008) .........................................................6, 7

*Steel Co. v. Citizens for a Better Environment,*
    523 U.S. 83, 118 S.Ct. 1003 (1998) .............................................................6

*Steger* v. *Franco, Inc.,*
    228 F.3d 889 (8th Cir. 2000) .................................................................8, 10, 11

*Texas v. United States*,
  340 F.Supp.3d 579, 594 (N.D. Tex. 2018) ...................................................................2, 6

*Todd v. American Multi-Cinema, Inc.*,
  222 F.R.D. 118 (S.D.Tex. 2003) ....................................................................................7

*Topalian v. Ehrman*,
  954 F.2d 1125 (5th Cir. 1991) ........................................................................................3

*United States v. Forest Dale, Inc.*,
  818 F. Supp. 954 (N.D. Tex. 1993) ...............................................................................12

*Van Winkle v. Pinecroft Center, L.P.*,
  2017 WL 3648477 (S.D.Tex. Aug. 23, 2017) ...............................................................7

*Walch v. Adjutant Gen. Dept. of Tex.*,
  533 F.3d 289 (5th Cir. 2008) .........................................................................................6

*Wilson v. Birnberg*,
  667 F.3d 591 (5th Cir. 2012) .........................................................................................2

*Witbeck v. Embry-Riddle Aeronautical Univ., Inc.*,
  269 F. Supp. 2d 1338 (M.D. Fla. 2003) ..................................................................12, 13

*Wolcott v. Sebelius*,
  635 F.3d 757 (5th Cir. 2011) .........................................................................................6

**Statutes**

28 U.S.C. § 1367 ...............................................................................................................13

29 U.S.C. § 794(a) ............................................................................................................15

42 U.S.C. § 12101(a) .........................................................................................................7

42 U.S.C.§ 12182(a) .........................................................................................................14

42 U.S.C. § 12188 ..............................................................................................................8

42 U.S.C. § 12188(a) .........................................................................................................7

42 U.S.C. § 12181 *et seq.* (ADA) ...........................................................................1, 3, 6, 7-19

29 U.S.C. § 794 (Rehabilitation Act)......................................................................1, 3, 10-19

Chapter 121 of the Texas Human Resources Code .....................................................1, 3, 17, 18

**Other Authorities**

28 C.F.R. § 36.303(b)(1) ...................................................................................................15

28 C.F.R. § 36.303(c)(l) ....................................................................................................15

Fed. R. Civ. P. 12(b)(1) ...................................................................................................2, 5

Fed. R. Civ. P. 12(b)(6) ....................................................................................................13

Fed. R. Civ. P. 12(c) ...........................................................................................................2

Fed. R. Civ. P. 12(d) .....................................................................................................2, 18

Fed. R. Civ. P. 12(g)(1) .................................................................................................2, 18

Fed. R. Civ. P.12(h)(3) .............................................................................................1, 2, 5, 6

Fed. R. Civ. P. 56(a) ...........................................................................................................3

## I.  Summary

Defendant Neighborhood Association Corporation of America (NACA) moves for dismissal, or alternatively, summary judgment, on the basis Plaintiff Jane Cummings cannot sustain her claims or jurisdiction under the Americans With Disabilities Act (ADA), The Rehabilitation Act, or Chapter 121 of the Texas Human Resources Code. Cummings' claims cannot proceed due to lack of standing, thus precluding this Court's subject-matter jurisdiction for this dispute. Cummings has only pled emotional damages and injunctive relief, neither of which she are redressable or recoverable in this case. Without jurisdiction over the original federal claims, this Court also loses jurisdiction over, or should decline to proceed with, the pendant state law claims. Cummings' state law claims also fail because she was not denied access or admission by NACA to any public facility.

## II.  Summary Judgment Evidence

In support of this Motion for Summary Judgment, NACA rely on the pleadings on file in this matter and the following evidence, which is included in the Appendix to Defendants' Motion for Dismissal or Summary Judgment and incorporated by reference herein:

Exhibit A    Plaintiff Cummings' Initial Disclosures ................................................. APP 1 – 3

Exhibit B    Plaintiff Cummings' Answers to Interrogatories ................................. APP 4 – 16

Exhibit C    Deposition of Plaintiff Jane Cummings, July 23, 2019 ......... to be supplemented

Exhibit D    Deposition of Angeanette Dowles, July 24, 2019 ................. to be supplemented

## III. Legal Standard

A right to object to the court's lack of subject-matter jurisdiction cannot be waived, even intentionally, and can be raised at trial or even for the first time on appeal. FED. R. CIV. P.12(h)(3); *Arbaugh v. Y&H Corp.,* 546 U.S. 500, 506 (2006); *Arena v. Graybar Elec. Co.,* 669 F.3d 214, 223 (5th Cir. 2012); *Norris v. Causey,* 869 F.3d 360, 367 (5th Cir. 2017) (subject-

matter jurisdiction cannot be waived, and can serve as a ground to void a judgment long after the case ends). Standing is a component of subject-matter jurisdiction, a constitutional prerequisite to maintaining suit under both federal and Texas law, and cannot be waived. *Kiper v. BAC Home Loans Servicing, LP*, 884 F.Supp.2d 561, 575 (S.D. Tex. 2012) (internal citation omitted); *Texas v. United States*, 340 F.Supp.3d 579, 594 (N.D. Tex. 2018).

If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action. FED. R. CIV. P. 12(h)(3); FED. R. CIV. P. 12(b)(1). A lack of subject-matter jurisdiction warrants dismissal of a complaint in its entirety, even pendent state-law claims. *Arbaugh*, 546 U.S. at 514.

A party may move for judgment on the pleadings, even after the pleadings are closed. FED. R. CIV. P. 12(c). A motion under Rule 12 limits the inquiry to the facts stated in the complaint and documents either attached to or incorporated into the complaint. *Kiper*, 884 F.Supp.2d at 567, *citing Wilson v. Birnberg*, 667 F.3d 591, 600 (5th Cir. 2012). For such motions, the court must take all well-pleaded facts in the complaint as true, but the allegations must be enough to raise a right to relief above the speculative level. *Id.* (internal citations omitted).

If, on a motion challenging the pleadings, matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. FED. R. CIV. P. 12(d); FED. R. CIV. P. 12(g)(1); *see Crane v. Johnson*, 783 F.3d 244, 251 (5th Cir. 2015) (dismissal can be made for lack of subject-matter jurisdiction based on the complaint alone, or the complaint and undisputed facts in the record, or the complaint and undisputed facts plus the court's resolution of disputed facts). All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion. *Id.*

A party may move for summary judgment, identifying each claim or defense – or the part of each claim or defense – on which summary judgment is sought.  FED. R. CIV. P. 56(a). The court shall grant summary judgment if the movant shows there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law. FED. R. CIV. P. 56(a); *Slaughter v. S. Talc Co.,* 949 F.2d 167, 170 (5th Cir. 1991). In fact, summary judgment is appropriate when, viewing the evidence in the light most favorable to the non-moving party, the record reflects that no genuine issue of any material fact exists. *Celotex Corp. v. Catrett,* 477 U.S. 317, 322-24 (1986). "If the dispositive issue is one on which the non-moving party will bear the burden of proof at trial, the moving party may satisfy its burden by merely pointing out that the evidence in the record contains insufficient proof concerning an essential element of the non-moving party's claim." *Norwegian Bulk Transp. A/S v. Int'l Marine Terminals P'ship*, 520 F.3d 409, 412 (5th Cir. 2008) (citing *Celotex,* 477 U.S. at 325 (1986)).

However, a party opposing summary judgment may not rest on mere conclusory allegations or denials in its pleadings. *Topalian v. Ehrman,* 954 F.2d 1125, 1131 (5th Cir. 1991). For instance, discrimination cannot be shown simply by a plaintiff's own subjective belief that a defendant discriminated against him. *Byers v. Dallas Morning News, Inc.*, 209 F.3d 419, 427 (5th Cir. 2000); *Ramsey v. Henderson*, 286 F.3d 264, 269 (5th Cir. 2002) ("Conclusory allegations, speculation, and unsubstantiated assertions are inadequate to satisfy the non-movant's burden....").

### IV. <u>Statement of Material Facts of Record</u>

Plaintiff Cummings asserts causes of action under the Americans With Disabilities Act (ADA) (42 U.S.C. § 12181 *et seq*.), The Rehabilitation Act (29 U.S.C. § 794), and Chapter 121 of the Texas Human Resources Code on the premise she asserts she requested a qualified or

certified American Sign Language (ASL) interpreter to attend a workshop presented by NACA.[1] NACA is a non-profit organization assisting low- and moderate-income people and communities through its free-of-charge membership program supporting home ownership, among other guidance provided.[2] NACA has offices in various cities nationwide, including Dallas.[3] NACA does not have an office in Idaho, where Cummings now lives.[4]

Cummings claims she called the "offices" of NACA in July 2016 and requested a certified ASL interpreter be provided by NACA for her to attend a workshop.[5] She never specified what workshop she planned to attend, where, or when.[6] Cummings asserts NACA "probably would not" provide the certified ASL interpreter.[7]

Cummings asserts she waited until August 2016 and then called NACA's Dallas office again to request a certified ASL interpreter, but again she did not specify which workshop.[8] Cummings asserts the same individual(s) at NACA refused or failed to comply with her request.[9] Cummings admits the NACA website had a feature allowing a live chat function to speak to a NACA representative in writing online, but she failed to utilize the live written chat feature, failed to email NACA, and failed to contact NACA to request assistance in any other way.[10]

---

[1] See Plaintiff's Complaint; see Ex. C.
[2] See Plaintiff's Complaint at ¶¶ 1, 10 and 12.
[3] *Id.*
[4] See Plaintiff's Answers to Interrogatories at Ex. B, No. 1; see Plaintiff's deposition (to be supplemented at Ex. C).
[5] Plaintiff's deposition (to be supplemented at Ex. C upon receipt).
[6] See Plaintiff's Complaint; see Exhibits B and C.
[7] Plaintiff's Complaint at ¶ 12.
[8] See Plaintiff's Complaint; see Exhibits B and C.
[9] See Plaintiff's Complaint at ¶¶ 19-21.
[10] See Plaintiff's Complaint; See Exhibit C (to be supplemented upon receipt). In June 2018 Cummings used the live chat feature on NACA's website to simply request, in writing, the names of the individuals working in NACA's Dallas office, and NACA responded in writing via live chat, but Cummings did not request an interpreter, request a workshop, or request membership at that time.

Cummings failed to attend any workshop.[11] She never visited the NACA office.[12] She took no

further steps to become a NACA member at any time through the present.[13]

## V. <u>Argument and Authorities</u>

**A.    Subject-matter jurisdiction is lacking because Plaintiff has no standing, which is a fatal defect to her claims.**

### 1.  Subject-Matter Jurisdiction under Federal Rule of Civil Procedure 12(b)(1)

A right to object to the court's lack of subject-matter jurisdiction cannot be waived, even

intentionally, and can be raised at trial or even for the first time on appeal. *Arbaugh v. Y&H*

*Corp.,* 546 U.S. 500, 506 (2006); *Arena v. Graybar Elec. Co.,* 669 F.3d 214, 223 (5th Cir. 2012)

(even if defendants fail to challenge jurisdiction at a prior stage of litigation, they are not

prohibited from raising it later); **FED. R. CIV. P**. 12(h)(3). As the party invoking federal

jurisdiction, the plaintiff bears the burden of establishing the existence of subject-matter

jurisdiction. *Arena*, 669 F.3d at 223; *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 561, 112 S.Ct.

2130, 2136-37 (1962); *Crane v. Johnson*, 783 F.3d 244, 251 (5th Cir. 2015); *Irwin v. Veterans'*

*Admin.,* 874 F.2d 1092, 1096 (5th Cir. 1989) (internal citation omitted), *aff'd sub. nom., Irwin v.*

*Dept. Vet. Affairs,* 498 U.S. 89 (1990) (if the attack on jurisdiction is a "factual attack" rather

than facial, the plaintiff must prove subject-matter jurisdiction by a preponderance of the

evidence). By contrast, the objection that a complaint fails to state a claim upon which relief can

be granted endures up to, but not beyond, trial on the merits. *Arbaugh*, 546 U.S. at 507.

"[A] trial court 'has the power to dismiss for lack of subject-matter jurisdiction on any

one of three separate bases: (1) the complaint alone; (2) the complaint supplemented by

undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts

---

[11] *Id.*
[12] *Id.*
[13] *Id.*

plus the court's resolution of disputed facts.'" *Crane*, 783 F.3d at 251, *citing Wolcott v. Sebelius*, 635 F.3d 757, 762 (5th Cir. 2011); *Walch v. Adjutant Gen. Dept. of Tex.,* 533 F.3d 289, 293-94 (5th Cir. 2008) (internal citation omitted). "The district court is the ultimate finder of fact on the jurisdictional question and is thus entitled to draw inferences in favor of the defendant if it determines that the evidence warrants such inferences." *S.R.P. ex rel. Abunabba v. United States,* 676 F.3d 329, 343 (3d Cir. 2012).

Courts should not conflate the "actual-injury" inquiry with the underlying merits of a claim. *Texas v. United States*, 340 F.Supp.3d at 595.

### 2. Cummings has no standing to bring claims under the ADA because she did not have actual knowledge that NACA would not accommodate her at a workshop or any other service.

Jurisdiction is a threshold matter, inflexible and without exception, that must be addressed before a case on the merits can proceed. *Steel Co. v. Citizens for a Better Environment,* 523 U.S. 83, 94-95, 118 S.Ct. 1003, 1011-12 (1998); *Cox v. City of Dallas, Tex.,* 256 F.3d 281, 303 (5th Cir. 2001). Standing is an issue of subject matter jurisdiction, and therefore may be raised any time. FED. R. CIV. P.12(h)(3); *Arbaugh,* 546 U.S. at 506; *Arena,* 669 F.3d at 223; *Norris*, 869 F.3d at 367; *Kiper*, 884 F.Supp.2d at 575. To demonstrate the "irreducible minimum of standing," Cummings must show (1) an injury in fact, (2) causation and (3) redressability for each claim. *Cox,* 256 F.3d at 303; *Sprint Comm. Co., L.P. v. APCC Services, Inc.*, 554 U.S. 269, 273-74, 128 S.Ct. 2531 (2008). The injury-in-fact requirement must be both concrete and particularized, and actual or imminent, <u>not</u> conjectural, speculative, or hypothetical." *Texas v. United States*, 340 F.Supp.3d 579, 594 (N.D.Tex. 2018) (emphasis added); *Lujan v. Defenders of Wildlife,* 504 U.S. at 560-61; *Sprint*, 554 U.S. at 273-74.

The element of causation requires Cummings to establish the injury is "fairly...

trace[able] to the challenged action of the defendant, and not...th[e] result [of] the independent action of some third party not before the court." *Cox,* 256 F. 3d at 304, *citing Simon v. Eastern Ky. Welfare Rights Org.,* 426 U.S. 26, 41-42 (1976). The element of redressability requires Cummings to show it is likely, as opposed to merely speculative, that the injury will be remedied by a favorable judicial decision." *Id.*; *Sprint*, 554 U.S. 269 at 273-74.

As set forth herein, Cummings cannot show she has standing by establishing she has a concrete and particular, and actual or imminent, injury caused by NACA for which this Court could award redress, not just a speculative award, under the causes of action and damages she has pled.

Title III of the ADA prohibits discrimination against persons with disabilities by such private entities as employers, places of public accommodation, and providers to access of public services. 42 U.S.C. §12101(a). The only relief to which an individual civil plaintiff is entitled for violations of Title III is injunctive relief. 42 U.S.C. §12188(a); *Betancourt v. Federated Dept. Stores*, 732 F.Supp.2d 693, 701 (W.D. Tex. 2010) (remedies under the ADA are the same as those under Title II of the Civil Rights Act of 1964, for which there is only injunctive relief). A plaintiff cannot recover damages. *Betancourt*, 732 F.Supp.2d at 701, *citing Guardians Ass'n v. Civil Service Comm'n*, 463 U.S. 582 (1983); *Pickern* v. *Holiday Quality Foods, Inc.,* 293 F.3d 1133, 1136 (9th Cir. 2002); *see Todd v. American Multi-Cinema, Inc*., 222 F.R.D. 118, fn. 2 (S.D.Tex. 2003) ("plaintiff's claims for monetary damages under the ADA are dismissed; there is no remedy for monetary damages under the Act"); *see Van Winkle v. Pinecroft Center, L.P.*, 2017 WL 3648477, *4 (S.D.Tex. Aug. 23, 2017) ("money damages are not available in a private action against a private owner of a place of public accommodation under Title III of the ADA, but only injunctive relief and attorney's fees"); *see Ajuluchuku v. FedEx Kinko's Office and Print Svcs., Inc.*, 2006 WL 6912919, *3 and fn.1 (N.D. Tex. June 30, 2006) (under Title III, only

7

injunctive relief is permitted, not monetary damages); *see Bracken v. G6 Hospitality LLC*, No. 4:14-CV-644-ALM-CAN, 2016 WL 3946791 (E.D. Tex. June 3, 2016) ("there is no remedy for monetary damages under the ADA"). Therefore, to obtain injunctive relief under Title III of the ADA, Cummings must have standing for an injunction.

The ADA does not "require a person with a disability to engage in a futile gesture if such person has actual notice that a person or organization covered by this subchapter does not intend to comply with its provision." 42 U.S.C. § 12188. Before she can rely upon the "futile gestures" exception, an ADA plaintiff must demonstrate actual knowledge of noncompliance which will not be remedied, and that they would visit the building in the immediate future but for those barriers. *Betancourt,* 732 F.Supp.2d at 705*; Steger* v. *Franco, Inc.,* 228 F.3d 889, 892 (8th Cir. 2000) (plaintiff must at least prove knowledge of the building barriers and demonstrate that they would visit the building in the imminent future, but for those barriers). Where a plaintiff has not visited the place of public accommodation and has no knowledge of its accessibility for the disability, dismissal is proper. *See Steger*, 228 F.3d at 893 (dismissing plaintiffs who had not visited building at the time the ADA claims were made and could not know its barriers to accessibility back then, if any); *see Jane Cummings v. Premier Rehab, P.L.L.C*., Civil Action No. 4:18-CV-649-A, 2019 WL 227411 (N.D.Tex. Jan. 16, 2019) (mem. op.) (dismissing injunctive relief for lack of standing where plaintiff was denied a sign language interpreter during her pre-appointment request for one, but she did not attend the appointment or show imminent or ongoing threat of harm).

Therefore, to have standing, Cummings must have had actual notice NACA was not in compliance with the ADA at the workshop or would not provide her services there. *Id.* As a matter of law, the pleadings she filed in this case show Cummings never had actual knowledge

8

NACA failed to make a public service available to her because she never attended the workshop, and alternatively, even outside the pleadings, the evidence developed in the case exposes this essential omission in her claim.[14]

In her Complaint [Doc. 1], Cummings alleged two telephone conversations with NACA's Dallas office[15] form the basis of her allegations in which she requested a qualified ASL interpreter to attend a workshop.[16] Cummings alleged that, solely by calling, she demanded the specific accommodation of a "qualified"[17] or "certified"[18] ASL interpreter, although she did not specify which workshop. The workshops were pre-planned events which were going forward with or without Cummings' attendance. Following these calls, Cummings did not appear at any workshop.[19]

Because Cummings never attended a workshop, never attempted to actually communicate with NACA at the workshop, and never knew whether NACA had accommodations and aids or sufficient assistance available under the ADA, Cummings cannot have had actual knowledge that NACA could not effectively make services and information available to a deaf individual under the ADA. For example, NACA also presents its information at workshops on a screen presentation to attendees in writing.[20] Therefore, as a matter of law, Cummings does not  have

---

[14] For example, a NACA witness testified NACA provides material in writing on a presentation screen at workshops, and does provide interpreters at workshops. She even recalled an instance a spontaneous, volunteer sign language interpreter at a workshop assisted someone in need despite the failure of the attendee to request an interpreter in advance. *See deposition of Angeanette Dowles, July 24, 2019, to be supplemented on receipt of transcript ordered from the Court Reporter.*

[15] The evidence has never established Cummings actually called NACA's Dallas office or spoke to an employee there, and even if she did call, witness testimony has established the calls do not necessarily go to the Dallas office and can roll to other offices or the Member Services department. However, for the purposes of this motion, even if taking Cummings' allegations as true, her claims fail as a matter of law.

[16] See Plaintiff's Complaint at ¶¶ 12-21.

[17] See Plaintiff's Complaint at ¶ 48, in which Cummings asserts the discriminatory act was failing to provide a "qualified in-person interpreter." This is not a requirement under the law.

[18] Plaintiff testified by deposition she requested a "certified" interpreter.

[19] See Plaintiff's Complaint.

[20] See deposition of Angeanette Dowles, July 24, 2019, to be supplemented upon receipt.

the requisite actual knowledge of an ADA violation in order to invoke the "futile gestures" exception under the ADA. *Steger,* 228 F.3d at 892; *Pickern,* 293 F.3d at 1136-37. Contrary to her Complaint, NACA did not "prevent" Cummings from attending a workshop or obtaining their services, or from becoming a member, even under her own alleged facts of the case.[21] Accordingly, Cummings has not suffered an injury in fact and does not have standing to sue under the ADA.

**B.** **Cummings also lacks standing under the ADA and Rehabilitation Act due to her future injury being speculative, which cannot support injunctive relief**

The Rehabilitation Act and the ADA are judged under the same legal standards, and the same remedies are available under both Acts. *Kemp v. Holder,* 610 F.3d 231, 234-35 (5th Cir. 2010). As above, multiple courts have held the relief is limited to injunctive relief, not monetary damages. *See Section V(A)(2) above.*

When a request for injunctive relief is based upon a past wrong, a plaintiff must show a "real or immediate threat that the plaintiff will be wronged again - a likelihood of substantial and immediate irreparable injury." *City of Los Angeles v. Lyons,* 461 U.S. 95, 111, 103 S. Ct. 1660, 75 L. Ed. 2d 675, (1983). A past statutory violation alone is insufficient to establish a concrete risk of future harm to establish standing for injunctive relief. *See Spokeo, Inc. v. Robins,* 136 S.Ct. 1540, 1549 (2016); *Armstrong v. Turner Indus., Inc.,* 141 F.3d 554, 563 (5th Cir. 1998). Article III standing under the ADA requires a plaintiff who seeks injunctive relief to present "actual or imminent" and not merely a "conjectural or hypothetical" injury. *Frame v. City of Arlington,* 657 F.3d 215, 235-36 (5th Cir. 2011). Mere "someday" intentions to use a public accommodation, "without any description of concrete plans," does not support standing. *Id; see Steger,* 228 F.3d at 893 (intent to return to place of injury "some day" is insufficient).

---

[21] See Plaintiff's Complaint at ¶¶ 2 and 24.

In deciding whether to make an *inference* a plaintiff faces an imminent threat of harm, courts consider (1) the proximity of the defendant's business to the plaintiff's residence, (2) the plaintiff's past patronage of the defendant's business, (3) the definitiveness of the plaintiff's plans to return, and (4) the plaintiff's frequency of travel near the defendant. *Betancourt*, 732 F.Supp.2d at 703; *Jane Cummings v. Premier Rehab, P.L.L.C.*, Civil Action No. 4:18-CV-649-A, 2019 WL 227411 (N.D.Tex. Jan. 16, 2019) (mem. op.), *citing Hunter v. Branch Banking & Trust Co.*, Civil Action No. 3:12-CV-2437-D, 2013 WL 4052411 at *2 (N.D.Tex. Aug. 12, 2013). Under these factors, none are in favor of Cummings.

The pleadings and evidence presented by Cummings show she cannot establish a past statutory violation under the ADA or Rehabilitation Act to warrant a fear of future discrimination, given Cummings refused and continues to refuse to attend NACA's workshops or otherwise engage with NACA to determine if NACA could effectively communicate with her. Cummings merely assumed NACA could not communicate effectively at the workshop, and her allegation in her Complaint that "she has been unable to attend the workshops or become a member of NACA" and has been 'inhibit[ed] from having the opportunity to engage in the process of homeownership" is pure speculation.[22] She cannot sustain a claim for injunctive relief. *Frame,* 657 F.3d at 235-36*; Steger,* 228 F.3d at 893.

Cummings has failed to plead any concrete intent to attend a NACA workshop or otherwise participate in the steps for NACA membership, or that she is otherwise affected by NACA's alleged statutory violations in a concrete way. *See Deutsch v. Annis Enterprises, Inc.,* 882 F.3d 169, 174 (5th Cir. 2018) (dismissal for lack of standing because plaintiff is only entitled to equitable relief, but without showing ADA violations will affect day-to-day life, as opposed to one visit, plaintiff has not

---

[22] See Plaintiff's Complaint at ¶¶ 22 and 25.

shown a concrete future injury). Cummings has since moved to Idaho, where NACA does not have an office. Cummings has not alleged any concrete intent to pursue NACA membership, and her failure to make any attempt to seek NACA membership since August 2016, or even any efforts to contact NACA in writing or through their member services department, belies her vague, alleged intent. She cannot establish a future imminent threat of harm.

Therefore, Cummings' alleged prospective injury is impermissibly speculative, hypothetical, and premature. *City of Los Angeles v. Lyons,* 461 U.S. 95, 102 (1983); *Frame,* 657 F. 3d at 235, *citing Lujan,* 504 U.S. at 560. As a result, there is no injury and there is no ability for this Court to provide redress. *Cox,* 256 F.3d at 303.

Punitive damages are not available under the ADA or Section 504 of the Rehabilitation Act. *Barnes v. Gorman*, 536 U.S. 181, 189 and fn. 3, 122 S.Ct. 2097, 2103 (2002); *Witbeck v. Embry-Riddle Aeronautical Univ., Inc.*, 269 F. Supp. 2d 1338, 1340 (M.D. Fla. 2003) (relief under the Rehabilitation Act is akin to damages from breach of contract, for which punitive damages are generally not available). To the extent Cummings has admitted her damages are limited solely to emotional distress,[23] her claims must be denied for failure to show any *intentional* violation or any other cause of action for an award of such damages. Damages for emotional distress are unrecoverable in actions brought to enforce Section 504 of the Rehabilitation Act. *See Jane Cummings v. Premier Rehab, P.L.L.C.*, Civil Action No. 4:18-CV-649-A, 2019 WL 227411 (N.D.Tex. Jan. 16, 2019) (mem. op.); *United States v. Forest Dale, Inc.*, 818 F. Supp. 954, 970 (N.D.Tex. 1993) ("damages under Section 504 are limited to retrospective equitable damages; punitive damages and damages for emotional distress, mental suffering, and the like are not available under Section 504"); *Witbeck*, 269 F. Supp. 2d at 1340

---

[23] Plaintiff's Complaint at ¶ 25, as well as Plaintiff's discovery responses at Exs. A and B, have confirmed she only seeks emotional distress damages for humiliation, frustration, and emotional distress, which she described at her deposition as "anger" and "frustration."

("those courts which find emotional distress damages unavailable under the Rehabilitation Act present a clearer and more well-reasoned framework"); *Khan v. Albuquerque Pub. Sch*., 652 F.Supp.2d 1211, 1221-25 (D.N.M. 2003) (mem. op.) (reciting several similar holdings and concluding punitive damages and emotional distress damages are an inappropriate relief in actions brought pursuant to the ADA and Section 504 of the Rehabilitation Act).

Without a redressable claim, Cummings lacks standing under the ADA and Rehabilitation Act as set forth above.

**C.      Supplemental jurisdiction over state law claims fails without original jurisdiction on the federal claims.**

A federal court holds supplemental jurisdiction over a state law claim under 28 U.S.C. § 1367 if (1) federal jurisdiction is proper, and (2) the state-law claims derive from a common nucleus of operative facts. 28 U.S.C. § 1367; *Arena v. Graybar Elec. Co., Inc*., 669 F.3d 214, 221 (5th Cir. 2012). "Without original jurisdiction on the federal claim, the court cannot assert jurisdiction over the state-law claims, even if those claims derive from a common nucleus of operative facts." *Id*. at 222. As a result, Cummings' state law claim(s) under the Texas Human Resources Code must also be dismissed for lack of jurisdiction.

**D.      Alternatively, Plaintiff's Complaint fails to state a valid claim upon which relief may be granted, given the defects in her claims**

**1.  Dismissal under Federal Rule of Civil Procedure 12(b)(6) and/or 12(c)**

The objection that a complaint fails to state a claim upon which relief can be granted endures up to, but not beyond, trial on the merits. *Arbaugh*, 546 U.S. at 507.

"To survive a Rule 12(b)(6) motion to dismiss, a complaint 'does not need detailed factual allegations,' but must provide the plaintiff's grounds for entitlement to relief - including factual allegations that when assumed to be true 'raise a right to relief above the speculative level.'" *Cuvillier v. Taylor,* 503 F.3d 397, 401 (5th Cir. 2007), *citing Bell Atl. Corp. v. Twombly,*

550 U.S. 544, 555 (2007). The showing requires the plaintiff do more than simply allege legal conclusions or recite the elements of a cause of action. *Twombly,* 550 U.S. at 555 & n. 3. Although a court should accept all well-pleaded factual allegations in the complaint as true, it need not credit bare legal conclusions which are unsupported. *Kiper*, 884 F.Supp.2d at 567; *see Ashcroft v. Iqbal,* 556 U.S. 662, 678-79, 129 S.Ct. 1937, 1949-50 (2009) ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.").

To survive a motion to dismiss for failure to state a claim, the facts pleaded must allow the court to infer that the plaintiff's right to relief is plausible. *Iqbal,* 556 U.S. at 678. The plaintiff must plead factual content that allows the court to draw the reasonable inference the defendant is liable for the misconduct alleged. *Harold H. Huggins Realty, Inc. v. FNC, Inc.,* 634 F.3d 787, 796 (5th Cir. 2011). "Determining whether a complaint states a plausible claim for relief will...be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal,* 556 U.S. at 679.

## 2. Cummings fails to state a valid claim under the ADA and Rehabilitation Act because the law does not guarantee her the accommodation of her choice

To make out a claim for violating Title III of the ADA, Cummings must establish (1) she is disabled, (2) NACA is a private entity that owns, leases, or operated a place of public accommodation and (3) NACA discriminated against Cummings, because of Cummings' disability, by denying her participation in or benefit from their goods, services, facilities, privileges, advantages, or accommodations. 42 U.S.C.§ 12182(a). As set forth herein, Cummings has failed to allege a plausible right to relief under the ADA. Title III of the ADA provides that "[a] public accommodation shall furnish appropriate auxiliary aids and services where necessary to ensure effective communication with individuals with disabilities." 28

C.F.R. § 36.303(c)(l). Appropriate auxiliary aids and services may include live or remote interpreters, written materials, exchange of written notes or "other effective means of making aurally delivered information available to individuals who are deaf or hard of hearing." 28 C.F.R. § 36.303(b)(1).

Section 504 of the Rehabilitation Act prohibits disability discrimination by recipients of federal funding. *Frame v. City of Arlington,* 657 F.3d 215, 223 (5th Cir. 2011). Specifically, Section 504 provides that no otherwise qualified person with a disability "shall, solely by reason of her or his disability, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance…." 29 U.S.C. § 794(a). The Rehabilitation Act and the ADA are judged under the same legal standards, and the same remedies are available under both Acts. *Kemp v. Holder,* 610 F.3d 231, 234-35 (5th Cir. 2010); *Frame,* 657 F.3d at 223-24.

Discrimination under the Rehabilitation Act includes failure to make reasonable accommodations. 29 U.S.C. § 794(a). However, any duty to provide reasonable accommodations does not impose a duty to provide the plaintiff with the specific accommodation of her choice. *Martin* v. *Halifax Healthcare System, Inc.,* 621 F.App'x. 594, 601-02 (11th Cir. 2015) (denial of a request for a specific auxiliary aid does not always create liability under the ADA or Rehabilitation Act because "construing the regulations in this manner would effectively substitute 'demanded' auxiliary aid for 'necessary' auxiliary aid" under the statute); *see also Campbell v. Lamar Institute of Technology,* 842 F.3d 375, 381 (5th Cir. 2015) (an institution is not duty bound to acquiesce in and implement every accommodation a disabled individual demands).

Here, Cummings alleges she was unable to attend a workshop because she assumed she

would not have been able to effectively communicate or learn about NACA using their auxiliary aids and services. Cummings refused to attend the workshop because her demand for a particular accommodation was not guaranteed in advance.[24] Yet, she was not entitled in advance to a guarantee of the accommodation of her choice. *Martin,* 621 F.App'x. at 601-02; *Campbell,* 842 F.3d at 381. Therefore, Plaintiff's Complaint fails to state a valid claim for which relief may be granted under the ADA and Rehabilitation Act. The allegations within her pleading fail to establish a plausible right to relief.

### 3. Cummings cannot state a valid claim for relief under the ADA or Rehabilitation Act because she has only asserted damages for which she cannot recover

Even if the Court determines jurisdiction has not been defeated by Cummings' failures to establish standing due to her inability to show a valid claim for equitable relief as set forth above, Cummings' claims should still be dismissed because she has no right to recovery of the damages asserted. Cummings is not entitled to injunctive relief under the ADA or Rehabilitation Act. *See Sections V(A)(2) and V(B) above*. Cummings is not entitled to monetary damages under the ADA or Rehabilitation Act. *See Sections V(A)(2) and V(B) above*. Cummings has claimed damages for "humiliation, frustration, and emotional distress."[25] Even when asked to describe her claim for not having the "opportunity to engage in the process of home ownership," Cummings only set forth mild emotional damages such as "anger" and "frustration."[26] Yet, "hurt feelings, anger and frustration are part of life…and are not the types of harm that could support a mental anguish award." *Salinas v. O'Neill*, 286 F.3d  827, 832 (5th Cir. 2002), *citing Giles v. Gen. Elec. Co*., 245

---

[24] Although Plaintiff's Complaint is facially deficient based on her specific accommodation requested, Cummings' deposition testimony and discovery responses substantiated that her claims are limited to her sole request for a live, qualified or certified interpreter as opposed to any other available aid. Cummings also testified that she chooses not to use hearing aids and has chosen not to be evaluated for them since she wore them as a child. *Ex. C*.

[25] See Plaintiff's Complaint at ¶ 25.

[26] *Id*.; see deposition of Jane Cummings, July 23, 2019 at Ex. C (to be supplemented upon receipt of the transcript).

F.3d 474, 488 (5th Cir. 2001).

Thus, even if her failures are insufficient to overcome the barrier of jurisdiction, NACA should be entitled to judgment in its favor or dismissal of Cummings' claims because she cannot sustain a recoverable remedy available under her allegations.

### 4.  Cummings likewise fails to state a valid claim for relief under state law

Cummings' third cause of action against NACA is a state law allegation under Chapter 121 of the Texas Human Resources Code, premised upon the same facts and occurrence as the ADA and Rehabilitation Act claims. As a matter of law, Cummings' allegations fail to state a valid claim because Section 121.003 of the Texas Human Resources Code "[b]y its own terms, applies to the admission and access to public facilities" physically. *Dabney v. Highland Park Indep. Sch. Dist.,* Civil Action No. 3:15-CV-2122-L, 2016 WL 1273467, at *5 (N.D. Tex. Mar. 31, 2016) (not reported), *citing Sadik v. Univ. of Houston,* No. H-03-4296, 2005 WL 1828588, at *9 (S.D.Tex. Aug. 1, 2005) (as its terms indicate, that provision applies primarily to physical access to public facilities for disabled individuals).

A public facility is specifically limited under Section 121.002(5) of the Texas Human Resources Code to:

> "a street, highway, sidewalk, walkway, common carrier, airplane, motor vehicle, railroad train, motor bus, streetcar, boat, or any other public conveyance or mode of transportation; a hotel, motel, or other place of lodging; a public building maintained by any unit or subdivision of government; a retail business, commercial establishment, or office building to which the general public is invited; a college dormitory or other educational facility; a restaurant or other place where food is offered for sale to the public; and any other place of public accommodation, amusement, convenience, or resort to which the general public or any classification of persons from the general public is regularly, normally, or customarily invited."

Cummings does not allege in her Complaint that she was ever physically denied access or admission to any public facility. *See Dabney,* 2016 WL 1273467 at *5 (dismissing Section

121.003 claim where plaintiffs failed to allege denial of physical access to the building). In fact, Cummings admitted at her deposition she never even attempted to go to NACA's office or any workshop. Her state law claim is invalid, even taking her pleadings as true.

**E.    If the federal claims are dismissed for reasons other than lack of jurisdiction, the Court should decline to exercise supplemental jurisdiction over any remaining state law claim.**

If the Court determines Cummings' federal claims must be dismissed for reasons other than the lack of subject-matter jurisdiction, the Court should decline to exercise pendent jurisdiction over the state law claim. *See Brookshire Bros. Holding v. Dayco Prods.,* 554 F. 3d 595, 602 (5th Cir. 2009) (the court should decline to exercise supplemental jurisdiction over remaining state law claims when all federal law claims are eliminated, but it is not mandatory); *Martinson v. Via Metro. Transit,* Civil Action No. SA-05-CV-0341-RF, 2006 WL 3062652, at *4-5 (W.D. Tex. Oct. 4, 2006) (not reported) (remanding state disability discrimination claims under Section 121.003 of the Texas Human Resources Code following dismissal of ADA and Rehabilitation Act claims).

**F.    Alternatively, NACA's Motion for Summary Judgment**

If, on a motion challenging the pleadings, matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. FED. R. CIV. P. 12(d); FED. R. CIV. P. 12(g)(1).

NACA alternatively moves for summary judgment for the same reasons as set forth in the above motion for dismissal. "When a defendant makes a 'factual' attack on a court's subject-matter jurisdiction, the court is 'free to weigh the evidence and satisfy itself as to the existence of its power to hear the case.'" *Arena*, 669 F.3d at 223, *citing Morris v. U.S. Dept. of Justice*, 540 F.Supp. 898, 900 (S.D.Tex. 1982), *aff'd at* 696 F.2d 994 (5th Cir. 1983), *cert. denied at* 460 U.S. 1093, 103 S.Ct. 1794 (1983). To the extent Cummings' pleadings may be deemed unclear such

that the Court needs to look to the evidence to substantiate the lack of subject-matter jurisdiction or valid claims, or to the extent Cummings has now testified as to matters which show the fatal deficiencies in her claims cannot be cured by an amendment, NACA requests summary judgment based on the evidence outside the pleadings. NACA intends to supplement this motion with the deposition transcript of Cummings' July 23, 2019 testimony, and Ms. Dowles July 24, 2019 testimony, which has been ordered from the Court Reporter.

## CONCLUSION AND PRAYER

The Court lacks subject-matter jurisdiction over Cummings' claims under the ADA and Rehabilitation Act, which also removes the Court's pendent jurisdiction for any state law claims. Cummings lacks standing to sue under the ADA and Rehabilitation Act because her claims of discrimination and failure to accommodate her disability are speculative after she failed to attend any workshops, and any alleged harm is not imminent. NACA is also entitled to dismissal or summary judgment on the statutes Cummings has invoked, because none of the cited statutes guarantees Cummings her specific, preferred accommodation for her disability. Cummings has no valid recovery under the laws and/or facts pled.

For the foregoing reasons set forth in this motion and brief, Defendant's Motion to Dismiss, or Alternatively, Motion for Summary Judgment should be granted, and Cummings' claims in this matter should be dismissed in their entirety. Defendant requests any and such further relief to which it may be entitled.

Case 3:18-cv-01746-X   Document 41   Filed 09/12/19   Page 28 of 46   PageID 499

Respectfully submitted,

**QUINTAIROS, PRIETO, WOOD & BOYER, P.A.**

By:   _/s/ Jo Beth Drake_
   **JO BETH DRAKE**
   State Bar No. 24045942
   jobeth.drake@qpwblaw.com

1700 Pacific Avenue, Suite 4545
Dallas, Texas 75201
(214) 754-8755
(214) 754-8744 (Fax)

**ATTORNEY FOR DEFENDANT
NEIGHBORHOOD ASSOCIATION
CORPORATION OF AMERICA**

## CERTIFICATE OF SERVICE

   The undersigned certifies that on the 29th day of July, 2019, a true and correct copy of the foregoing pleading was forwarded via electronic filing to the following:

    Andrew Rozynski
    David Hommel
    Eisenberg & Baum, LLP
    24 Union Square East, Fourth Floor
    New York, NY  10003

    Thomas S. Brandon, Jr.
    Whitaker Chalk Swindle & Schwartz, PLLC
    301 Commerce Street, Suite 3500
    Fort Worth, TX  76102

         _/s/ Jo Beth Drake_
         **JO BETH DRAKE**

# EXHIBIT A

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

--------------------------------------------------

JANE CUMMINGS,

         Plaintiff,

   v.

NEIGHBORHOOD ASSISTANCE
CORPORATION OF AMERICA,

        Defendant.

--------------------------------------------------

**Civil Action No. 3:18-cv-01746-M**

## ==PLAINTIFF'S INITIAL DISCLOSURES==

==Plaintiff Jane Cummings, for her initial disclosures, as required by **Fed. R. Civ. P. 26 (a) (1)**, states:==

A.  <u>Identities of Individuals Likely to Have Knowledge of Discoverable Facts:</u>

    1.  Jane Cummings, Plaintiff

       *Jane Cummings may be contacted through counsel.*

       Plaintiff Jane Cummings has knowledge of the allegations contained in her Complaint.

    2.  Ryan Jones, Plaintiff's partner



       Ryan Jones is expected to have information about allegations and facts included in Plaintiff's Complaint, including but not limited to Plaintiff's disability of deafness and her difficulties communicating effectively without an onsite ASL interpreter present; as well as Plaintiff's requests and denials to Defendant's Facilities for auxiliary aids and services to ensure effective communication.

    3.  Clarence Cummings, Plaintiff's father



APP 1

12. Mickie Thompson



Mickie Thompson has knowledge as to her interactions with Plaintiff Jane Cummings during telephone calls made to Defendant's Facility. Mickie Thompson may have knowledge as to Plaintiff's requests for Sign Language interpreters as well as the denials of accommodations for Plaintiff's disability of deafness. She may also have knowledge as to Defendant's policies and procedures.

13. Celia Garza



Celia Garza has knowledge as to her interactions with Plaintiff Jane Cummings during telephone calls made to Defendant's Facility. Mickie Thompson may have knowledge as to Plaintiff's requests for Sign Language interpreters as well as the denials of accommodations for Plaintiff's disability of deafness. She may also have knowledge as to Defendant's policies and procedures.

14. Disability Rights Section Staff
Department of Justice
950 Pennsylvania Avenue, NW
Washington, DC 20530
(202) 514-4609

Plaintiff Jane Cummings filed a complaint with the Department of Justice pertaining to her allegations in this case.

B.    <u>Documents and other Tangible Items</u>:

1. Transcript of a conversation between Plaintiff and Defendant's Facility (PLA000001)
2. Americans with Disabilities Act Discrimination Complaint Form (PLA000002-PLA000003)
3. Video of a conversation between Plaintiff and Defendant's Facility

C.    <u>Statement of the Basis for Any Damages Claimed</u>:
Plaintiff seek damages to the extent allowed by law due to the violation of her civil rights, discrimination, and the deliberate indifference experienced, as well as the denial of

APP 2

reasonable accommodations. Plaintiff's damages include but are not limited to damages for her lack of denial of access to services at Defendant's Facility as well as the humiliation, shame, fear, anxiety, frustration and emotional distress Plaintiff was forced to endure due to the actions and/or inactions of Defendant. These damages are not easily quantified and should be determined by a trier of fact.

D.      Insurance Agreements in Force:

                                        Very truly yours,

                                        EISENBERG & BAUM, LLP


                                        By: _____
                                        Andrew Rozynski, Esq.
                                        Attorneys for Plaintiff
                                        24 Union Square East, Fourth Floor
                                        New York, NY 10003
                                        (212) 353-8700
                                        arozynski@eandblaw.com

Dated: December 4, 2018

APP 3

# EXHIBIT B

**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **JANE CUMMINGS,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 3:18-cv-01746-M** |
| | § | |
| **NEIGHBORHOOD ASSISTANCE** | § | |
| **CORPORATION OF AMERICA,** | § | |
| | § | |
| **Defendant.** | § | |

**<u>PLAINTIFF'S ANSWERS TO DEFENDANT'S FIRST SET OF INTERROGATORIES</u>**

Plaintiff JANE CUMMINGS hereby objects and submits responses to Defendant
NEIGHBORHOOD ASSISTANCE CORPORATION OF AMERICA's First Set of
Interrogatories:

APP 4

## GENERAL STATEMENT

A.      Plaintiff submits these responses without conceding the relevancy, materiality, or admissibility of the subject matter of any response, or of any document produced, or of the underlying Requests.

B.      Plaintiff's production of any document responsive to the Requests does not, and is not intended to, imply Plaintiff's creation, ownership, or knowledge of the information included in the document.

C.      A statement that Plaintiff will undertake to produce responsive non-privileged documents should not be construed as meaning responsive documents do in fact exist or are in the Plaintiff's possession or control.

D.      Plaintiff reserves the right to supplement or amend any portion of the responses provided.

## INTERROGATORIES

**Interrogatory No. 1:**
Please state your full name, address, place of birth, home and business telephone numbers, social security number, date of birth, and driver's license number.

    **Answer:**

**Plaintiff objects to this request to the extent that it is not relevant to Plaintiff's claims, not proportional to the needs of the case considering the importance of the issues at stake in the action.**

**Notwithstanding, and without waiving or in any way limiting these objections or the General Objections, Plaintiff's Information is as follows:**

**Jane Cummings**

████████████████

**Emmett, ID 83617**

███████████████████

██████████████

**Interrogatory No. 2:**
Please identify the persons(s) answering these interrogatories, supplying information or in any other way assisting with the preparation of the answers.

    **Answer:**

**Plaintiff objects to this request to the extent that it is not relevant to Plaintiff's claims, not proportional to the needs of the case considering the importance of the issues at stake in the action. Plaintiff further objects to this Request to the extent it seeks information that constitutes or contains attorney-work product and/or privileged attorney-client communication.**

**Notwithstanding, and without waiving or in any way limiting these objections or the General Objections, Plaintiff along with counsel prepared these answers to the interrogatories.**

**Interrogatory No. 3:**
Please state the following for each person or company by whom you have been employed within the last 10 years:

    (a)      Name of person/company;
    (b)      Address of person/company;
    (c)      Telephone number of person/company;
    (d)      Position held;
    (e)      Rate of pay;
    (f)      Supervisor;
    (g)      Dates of employment; and

(h)     Reason for leaving.

**<u>Answer:</u>**

**Plaintiff objects to this Interrogatory because it seeks information that is not proportional to the needs of the case considering the importance of the issues at stake in the action. Plaintiff further objects to this Request as seeking information that constitutes**

**Notwithstanding, and without waiving or in any way limiting these objections or the General Objections, Plaintiff has worked at:**

1. **Consumer Support Service
   Hospitalization Provider Care
   February 2008 – March 2009**

2. **Respite Connections, Inc.
   Direct Care/Team Leader
   March 2009 - August 2009**

3. **Respite Connections, Inc.
   Program Coordinator
   August 2009 - November 2009**

4. **Respite Connections, Inc.
   Program Director of Deaf Supportive Living
    November 2009 – October  2011**

5. **All Star Employment Services
   Employment Specialist/ Office Assistant
   January 2014 - January 2018**

6. **Sawtooth Lodge
   Seasonal Employee- Housekeeper
   2018**

7. **Flying B. Ranch, Inc.
   Seasonal Employee- Housekeeper/Kitchen Aide
   2019**

**<mark>Interrogatory No. 4:</mark>**
<mark>Please state the name, address and telephone number of all doctors, psychologists, psychiatrists, counselors, therapists, and any and all medical care professionals that you have seen for a period of 10 years prior to the events on which this lawsuit is based and those you have seen subsequent to these events.</mark>

**Answer:**

**Plaintiff is only seeking Garden Variety Emotional Distress damages and is not seeking any damages related to medical bills or in relation to any psychiatrist visits.** **Therefore Plaintiff objects to this Request to the extent it seeks information that is not relevant to any party's claim or defense and to the extent it concerns persons or entities not a party to this action. Plaintiff objects to this Request on the grounds that it is overbroad, unduly burdensome and not proportional to the needs of this case as the importance of the discovery in resolving the issues in this litigation is low. Plaintiff objects to this Request to the extent it seeks information that is not relevant to any party's claim or defense and to the extent it concerns persons or entities not a party to this action. Plaintiff further objects to this Request to the extent it seeks information that is privileged or protected from disclosure by the doctor-patient privilege, HIPAA, or any other applicable privilege or protection from discovery.**

**Interrogatory No. 5:**
Please state the following for each marriage, if applicable:
      (a)      Date of marriage;
      (b)      Name of spouse;
      (c)      Name and age of each child from such marriage;
      (d)      Date of divorce; and
      (e)      County and state in which divorce was obtained.

**Answer:**

**Plaintiff objects to this Request to the extent it seeks information that is not relevant to any party's claim or defense and to the extent it concerns persons or entities not a party to this action. Plaintiff objects to this Request on the grounds that it is overbroad, unduly burdensome and not proportional to the needs of this case as the importance of the discovery in resolving the issues in this litigation is low. Plaintiff objects to this Request to the extent it seeks information that is not relevant to any party's claim or defense and to the extent it concerns persons or entities not a party to this action.**

**Interrogatory No. 6:**
Other than this lawsuit, please list the following for each lawsuit in which you are/were a party:
      (a)      Style of cause;
      (b)      Cause number;
      (c)      Court; and
      (d)      County and state in which lawsuit was filed.

**Answer:**

**Plaintiff objects to this Request to the extent it seeks information that is not relevant to any party's claim or defense; it concerns persons or entities not a party to this action; is not proportional to the needs of the case, in that the importance of the discovery in resolving the issues is low, and the burden or expense of the proposed discovery outweighs its likely**

Plaintiff objects to this Request as being overbroad and unduly burdensome. Plaintiff also objects to this Request as seeking information that is not proportional to the needs of the case in that information regarding Plaintiff's criminal arrest and/or charge history is not important to resolving the issues in this litigation.

**Interrogatory No. 11:**
Please describe in detail and itemize all damages, if any, which you are seeking to recover in this lawsuit.

**Answer:**

Plaintiff objects to this Request as it contains many discrete subparts and calls for a narrative response that is better sought through deposition. Plaintiff further objects to this request as Plaintiff further objects to this Request as being overbroad and unduly burdensome to the extent Defendants purport to ask Plaintiff to marshal all evidence and to plead and prove the entire case.

Notwithstanding, and without waiving or in any way limiting these objections or the General Objections, Plaintiff seeks emotional distress damages to the extent allowed by law due to the discrimination and violation of her civil rights, as alleged in the Complaint. Plaintiff's damages include damages for the humiliation, shame, frustration, and emotional distress,  that Plaintiff was forced to endure due to the deliberately indifferent actions and/or inactions of Defendant. These damages are not easily or precisely quantifiable and must be determined by the trier of fact.

**Interrogatory No. 12:**
Please describe in detail any and all communication that you have had with employees or former employees of Neighborhood Assistance Corporation of America relating to the subject matter of this lawsuit, including but not limited to any communications alleged in Plaintiff's Complaint. Your answer shall include, but not be limited to, the dates of such communications, all persons involved in such communications, the means by which you communicated, and the substance of such communications.

**Answer:**

Plaintiff objects to this Request as it calls for a narrative response that is better sought through deposition. Plaintiff further objects to this Request as being overbroad and unduly burdensome to the extent Defendants purport to ask Plaintiff to marshal all evidence and to plead and prove the entire case. Plaintiff further objects to this Request to the extent it fails to identify the information being requested with reasonable particularity and to the extent it calls for speculation. Plaintiff further objects to this Request since Defendants seek information that is already in the possession of Defendants

Notwithstanding, and without waiving or in any way limiting these objections or the General Objections, see Plaintiff's allegations in the Complaint.

APP 9

**Interrogatory No. 13:**

Please provide the following for any investigation and/or written report relevant to this matter (this Interrogatory does not seek to discover information exempt from discovery by the work-product privilege and/or the attorney-client privilege):

    (a)    Identify the person or entity making the investigation and/or report; and

    (b)    Identify and describe all documents, reports, notes and/or tangible evidence collected or prepared in connection with or as a result of the investigation.

    **Answer:**

**Plaintiff objects to this Request as being overbroad and unduly burdensome to the extent Defendants purport to ask Plaintiff to marshal all evidence and to plead and prove the entire case. Plaintiff further objects to this Request to the extent it fails to identify the information being requested with reasonable particularity and to the extent it calls for speculation.**

**Notwithstanding, and without waiving or in any way limiting these objections or the General Objections, none.**

**Interrogatory No. 14:**

Please identify by name, address, telephone number, and their relationship to you, any and all persons you believe to have knowledge of any allegations in Plaintiff's most recent Complaint in this case.

    **Answer:**

**Plaintiff objects to this Request as it is contains many discrete subparts and calls for a narrative response that is better sought through deposition. Plaintiff further objects to this Request as being overbroad and unduly burdensome to the extent Defendants purport to ask Plaintiff to marshal all evidence and to plead and prove the entire case. Plaintiff further objects to this Request to the extent it fails to identify the information being requested with reasonable particularity and to the extent it calls for speculation. Plaintiff further objects to this Request since Defendant seeks information that is already in the possession of Defendants.**

**Notwithstanding, and without waiving or in any way limiting these objections or the General Objections, see Plaintiff's and Defendants' Initial Disclosures**

**Interrogatory No. 15:**
Please state with particularity each and every fact that you would contend support(s) your allegation that Neighborhood Assistance Corporation of America discriminated against you and continues to discriminate against you in violation of Title III of the Americans with Disabilities Act as alleged in Plaintiff's Original Complaint.

APP 10

**Answer:**

**Plaintiff objects to this Request as it is contains many discrete subparts and calls for a narrative response that is better sought through deposition. Plaintiff further objects to this Request as being overbroad and unduly burdensome to the extent Defendants purport to ask Plaintiff to marshal all evidence and to plead and prove the entire case. Plaintiff further objects to this Request to the extent it fails to identify the information being requested with reasonable particularity and to the extent it calls for speculation. Plaintiff further objects to this Request since Defendant seeks information that is already in the possession of Defendants.**

**Interrogatory No. 16:**
Please state with particularity each and every fact that you would contend support(s) your allegation that you "made a formal request that an ASL interpreter be provided for NACA workshops" as alleged in Plaintiff's Original Complaint.

**Answer:**

**Plaintiff objects to this request as duplicative of Interrogatory No. 15.  Plaintiff further objects to this Request as it is contains many discrete subparts and calls for a narrative response that is better sought through deposition. Plaintiff further objects to this Request as being overbroad and unduly burdensome to the extent Defendants purport to ask Plaintiff to marshal all evidence and to plead and prove the entire case. Plaintiff further objects to this Request to the extent it fails to identify the information being requested with reasonable particularity and to the extent it calls for speculation. Plaintiff further objects to this Request since Defendant seeks information that is already in the possession of Defendants.**

**Interrogatory No. 17:**
Please describe each and every instance in which you have filed a complaint with the U.S. Department of Justice, including a description of all communications you have had with the U.S. Department of Justice.

**Answer:**

**Plaintiff objects to this Request to the extent it seeks information that is not relevant to any party's claim or defense; it concerns persons or entities not a party to this action; is not proportional to the needs of the case, in that the importance of the discovery in resolving the issues is low, and the burden or expense of the proposed discovery outweighs its likely benefit; and unduly burdensome to the extent that it seeks documents that are otherwise readily available to the Defendants, and, therefore, may be accessed and obtained by the Defendants with less burden than the Plaintiff can identify and provide the requested information; and to the extent it not reasonably limited in time or scope.**

APP 11

Notwithstanding, and without waiving or in any way limiting these objections or the General Objections, Plaintiff filed a complaint against the DOJ arising out of the same events alleged in the Complaint on July 19, 2016. Plaintiff described the acts of Discrimination and received a response from the Disability Rights Staff informing her that they are in receipt of her complaint and assigned her a complaint number of 100037419 and reference number 16-ad611-11qi.

Plaintiff also filed a complaint with the DOJ in her above mentioned complaint against CareNow Urgent Care on April 1, 2016.  Plaintiff received another acknowledgement of the complaint from the Disability Rights Section Staff with the Complaint number: 100034602 Reference No: 16-4pz36-11qi

**Interrogatory No. 18:**
Please state with particularity each and every fact that you would contend support(s) your allegation that Neighborhood Assistance Corporation of America discriminated against you and continues to discriminate against you in violation of Section 504 of the Rehabilitation Act as alleged in Plaintiff's Original Complaint.

    **Answer:**

Plaintiff objects to this request as duplicative of Interrogatory No. 15.  Plaintiff further objects to this Request as it is contains many discrete subparts and calls for a narrative response that is better sought through deposition. Plaintiff further objects to this Request as being overbroad and unduly burdensome to the extent Defendants purport to ask Plaintiff to marshal all evidence and to plead and prove the entire case. Plaintiff further objects to this Request to the extent it fails to identify the information being requested with reasonable particularity and to the extent it calls for speculation. Plaintiff further objects to this Request since Defendant seeks information that is already in the possession of Defendants.

**Interrogatory No. 19:**
Please state with particularity each and every fact that you would contend support(s) your allegation that Neighborhood Assistance Corporation of America denied you access to a public facility in violation of Chapter 121 of the Texas Human Resources Code as alleged in Plaintiff's Original Complaint.

    **Answer:**

Plaintiff objects to this request as duplicative of Interrogatory No. 15.  Plaintiff further objects to this Request as it is contains many discrete subparts and calls for a narrative response that is better sought through deposition. Plaintiff further objects to this Request as being overbroad and unduly burdensome to the extent Defendants purport to ask Plaintiff to marshal all evidence and to plead and prove the entire case. Plaintiff further objects to this Request to the extent it fails to identify the information being requested with

reasonable particularity and to the extent it calls for speculation. Plaintiff further objects to this Request since Defendant seeks information that is already in the possession of Defendants.

**Interrogatory No. 20:**
Please state with particularity each and every fact that you would contend support(s) your allegation that you have been harmed and have suffered humiliation, frustration, emotional distress, and an inhibition from having the opportunity to engage in the process of homeownership as a result of the allegations in this lawsuit.

**Answer:**

Plaintiff objects to this Request as it is contains many discrete subparts and calls for a narrative response that is better sought through deposition. Plaintiff further objects to this Request as being overbroad and unduly burdensome to the extent Defendants purport to ask Plaintiff to marshal all evidence and to plead and prove the entire case. Plaintiff further objects to this Request to the extent it fails to identify the information being requested with reasonable particularity and to the extent it calls for speculation. Plaintiff further objects to this Request since Defendant seeks information that is already in the possession of Defendants.

Notwithstanding, and without waiving or in any way limiting these objections or the General Objections, Plaintiff refers Defendant to the Complaint and PLA0001 & PLA000004.

Plaintiff further states that Defendant denied Plaintiff meaningful access to the programs and services provided by Defendant . Specifically, Plaintiff was denied access to equally access the workshops necessary to become a member of Defendant's organization and secure housing when Defendant denied Plaintiff's interpreter requests.  As stated above this denial of interpreters, access, and overall membership of Defendant's organization left Plaintiff with feelings of humiliation, shame, frustration, and emotional distress among other emotions and damages.

**Interrogatory No. 21:**
Please state with particularity each and every fact that you would contend support(s) your allegation that Neighborhood Assistance Corporation of America intentionally discriminated against you with deliberate indifference as alleged in Plaintiff's Original Complaint.

**Answer:**

Plaintiff objects to this Request as it is contains many discrete subparts and calls for a narrative response that is better sought through deposition. Plaintiff further objects to this Request as being overbroad and unduly burdensome to the extent Defendants purport to ask Plaintiff to marshal all evidence and to plead and prove the entire case. Plaintiff further objects to this Request to the extent it fails to identify the information being requested with reasonable particularity and to the extent it calls for speculation. Plaintiff

==further objects to this Request since Defendant seeks information that is already in the possession of Defendants.==

==Notwithstanding, and without waiving or in any way limiting these objections or the General Objections, Plaintiff refers Defendant to the Complaint and PLA 000001 & PLA000004.==

==Plaintiff further states that Defendant's acted with intentional discrimination when they outright refused Plaintiff's request for a reasonable accommodation in the form of a qualified interpreter in order to access Defendant's programs. Defendants also  acted with deliberate indifference toward Plaintiff by not properly training their staff to comply with the requirements of the statutes alleged in the Complaint. Each of these acts amongst others, constitutes an act of intentional discrimination and reaffirms that Defendants acted with Deliberate Indifference toward Plaintiff.==

**Interrogatory No. 22:**
Please describe in detail any and all efforts you have made to purchase housing since July 1, 2010 through the present and the outcome of those efforts.

**Answer:**

**Plaintiff objects to this Request as it is contains many discrete subparts and calls for a narrative response that is better sought through deposition. Plaintiff further objects to this Request as being overbroad and unduly burdensome to the extent Defendants purport to ask Plaintiff to marshal all evidence and to plead and prove the entire case. Plaintiff objects to this request to the extent that it is not relevant to Plaintiff's claims, not proportional to the needs of the case considering the importance of the issues at stake in the action. Plaintiff further objects to this Request since Defendant seeks information that is already in the possession of Defendants.**

**Notwithstanding, and without waiving or in any way limiting these objections or the General Objections, Other than the issues in this matter,  Plaintiff has attempted to secure housing in June, 2015;  October 2017; November 2017; July-Aug 2018; April 3, 2019;  and May 20, 2019. None of these efforts to purchase housing were successful for a variety of reasons including her low credit score.**

**Interrogatory No. 23:**
Please state the first date you contacted any attorney to represent you for your complaints against Neighborhood Assistance Corporation of America in this matter, and identify each attorney who has represented you in this matter.

**Answer:**

**Plaintiff objects to this Request to the extent it seeks information that is privileged or protected from disclosure by the attorney-client privilege.**

## **VERIFICATION**

I have read the foregoing Responses, or had them explained to me in a language I understand. The Responses are based on a diligent and reasonable effort by me to obtain information currently available. I reserve the right to make changes in or additions to any of these answers if it appears at any time that errors or omissions have been made or if more accurate or complete information becomes available. Subject to these limitations, these Responses are true to the best of my present knowledge, information, and belief.

I HEREBY certify that the statements made by me are true. I am aware that if any of the statements made by me are false, I am subject to punishment for contempt of Court.

Signed: _____

## <u>VERIFICATION</u>

I have read the foregoing Responses, or had them explained to me in a language I understand. The Responses are based on a diligent and reasonable effort by me to obtain information currently available. I reserve the right to make changes in or additions to any of these answers if it appears at any time that errors or omissions have been made or if more accurate or complete information becomes available. Subject to these limitations, these Responses are true to the best of my present knowledge, information, and belief.

I HERBY certify, under penalty of perjury, that the statements made by me are true and correct.

Signed: