IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JANE CUMMINGS, | § | |
|     PLAINTIFF, | § | |
| | § | |
| v. | § | CASE NO. 3:18-CV-1746-M-BK |
| | § | |
| NEIGHBORHOOD ASSISTANCE | § | |
| CORPORATION OF AMERICA, | § | |
| | § | |
|     DEFENDANT. | § | |

ORDER

Pursuant to the District Judge's Order dated October 13, 2019, Doc. 36, Defendant's *Motion to Compel Discovery and Brief in Support*, Doc. 24, has been referred to this Court for determination and for a hearing, if necessary. The Court, having reviewed the motion, finds that the parties have not adequately conferred in an attempt to resolve the discovery dispute without Court intervention. Accordingly, Plaintiff and Defendant are hereby **ORDERED** to meet face-to-face to fully confer on each of the items in dispute as follows:

    1. Local Rule 7.1(a) of the Civil Local Rules for the Northern District of Texas requires that parties confer before filing this type of motion. After a full review of the motion, the Court finds that the parties must fully confer on the issues in dispute pursuant to Local Rule 7.1(a).

    2. Genuine, good-faith efforts by the parties to resolve their disputes before seeking court intervention often result in greater control over the outcome, acceptable compromise, or appreciably narrowed issues. These efforts also result in cost savings for the litigants. The Court recognizes that opposing parties will have reasonable disagreements throughout litigation that

will require the Court's resolution.  However, the parties must comply with Local Rule 7.1(a) in an earnest attempt to ensure that the issues presented are unbridgeable and supported by reasonable yet differing positions.  The parties are therefore **DIRECTED** to meet face-to-face to confer.  Ordinarily, the Court does not allow the discovery conference to take place via telephone.  **Because Plaintiff's lead counsel's office is located in New York and Defendant's counsel is located in Dallas, however, the Court will make a limited exception in this case and permit the face-to-face conference to take place via teleconference (e.g., Skype).**

    3.  At the conference, the parties must engage in an item-by-item discussion of each issue raised in the instant motion.

    4.  The parties must exchange authorities supporting their respective positions.

    5.  If the disputed issues are resolved during the conference, Plaintiff shall forward to the Court a written notice that the parties have reached an agreement **no later than Friday October 4, 2019**, so that the motion can be denied as moot.  If unresolved issues remain, the parties shall be responsible for filing a joint submission, prepared in accordance with paragraph 6 of this Order, **no later than Friday October 4, 2019**.

    6.  The joint submission must include a detailed discussion of all issues in the motion which remain in dispute after the parties' conference.  Only those issues which are listed in the joint submission will be considered by the Court.  Each disputed issue must be separately listed along with the parties' respective positions on the particular dispute supported by authorities.  The joint submission also must set forth the date of the conference, the length of the conference, and the names of the persons who attended.  It must be signed by all parties to the dispute.

    7.  Failure to confer or to participate in the filing of a joint submission as directed will

subject the non-complying party to sanctions.  If a party fails to comply with this order, the complying party must timely file its portion of the joint submission and include a notice advising the Court of the opposing party's failure to comply.

    8.  If the parties are unable to amicably resolve this dispute, the Court may set a hearing on the matter for a future date or may resolve the motion on the pleadings.

    **SO ORDERED** on September 16, 2019.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE