UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JANE CUMMINGS, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | Civil Action No. 3:18-CV-01746-X |
| v. | § | |
| | § | |
| NEIGHBORHOOD | § | |
| ASSISTANCE CORPORATION | § | |
| OF AMERICA, | § | |
| | § | |
| *Defendant.* | § | |

# ORDER

Plaintiff Jane Cummings filed her complaint against the defendant Neighborhood Assistance Corporation of America ("NACA") on July 3rd, 2018. Cummings claims that NACA discriminated against her because of her disability in violation of title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12181 et seq.; Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794; and Section 121.003 of the Texas Human Resources Code. In her complaint Cummings sought, among other things, injunctive relief and damages for emotional distress.

On September 12, 2019, after being granted leave to do so, NACA filed a motion to dismiss under Fed. R. Civ. P. Rule 12, which indicated in the alternative that it could be treated as a motion for summary judgment under Rule 56 [Doc. No. 41]. In her response to this motion [Doc. No. 47], Cummings requested to withdraw both her claim under section 121.003 of the Texas Human Resources Code, and her request for

injunctive relief.

On October 24, 2019, the Court held a hearing to discuss certain issues raised regarding the defendant's motion. Among the topics discussed at the hearing was the impending oral argument in *Jane Cummings v. Premier Rehab, P.L.L.C.*, No. 19-10169 (5th Cir. Feb. 8, 2019) scheduled for oral argument on November 6, 2019. At issue in both *Premier Rehab* and in this proceeding is whether emotional distress damages are recoverable under section 504 of the Rehabilitation Act. Counsel for Cummings also confirmed its intent to withdraw her claim under section 121.003 of the Texas Human Resources Code and her request for injunctive relief.[1]

Based on Cummings's representations in her response to the motion to dismiss and at the hearing, the Court **DISMISSES** "Claim 3: Violations of the Texas Human Resources Code § 121.003" **WITHOUT PREJUDICE**. Also, the Court **ORDERS** the plaintiff to provide supplemental briefing no later than **30 days** from the date the Fifth Circuit issues an opinion in *Cummings v. Premier Rehab, P.L.L.C.* regarding how that opinion affects this case. The defendant may file a response within **21 days** of the plaintiff's filing her supplemental brief. Lastly, the Court **ABATES** these proceedings and administratively closes this case until the plaintiff files her supplemental brief addressing the opinion in *Cummings v. Premier Rehab, P.L.L.C.*

**IT IS SO ORDERED** this 25th day of October.

_____
BRANTLEY STARR
UNITED STATES DISTRICT JUDGE

---

[1] The Court has only dismissed Cummings's claim under section 121.003 of the Texas Human Resources Code claim and not the ADA claim because Cummings still seeks declaratory relief under the ADA.