UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JANE CUMMINGS § | | |
| § | | |
| *Plaintiff,* § | | |
| § | | |
| v. § | | Civil Action No. 3:18-CV-1746-X |
| § | | |
| NEIGHBORHOOD ASSISTANCE § | | |
| CORPORATION OF AMERICA, § | | |
| § | | |
| *Defendant.* § | | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Jane Cummings and Defendant Neighborhood Assistance Corporation of America ("NACA") each filed a supplemental brief[1] to explain the effects of the Supreme Court's opinion in *Jane Cummings v. Premier Rehab Keller, PLLC*[2] on the present case. Having reviewed the briefing and the law, the Court determines that Cummings can only recover nominal damages. Therefore, the Court **ORDERS** that the case proceed as to nominal damages only.

In 2018, Cummings filed this lawsuit against NACA for not providing her with an American Sign Language interpreter, stipulating that "her damages are limited to 'garden variety' emotional distress."[3] The suit maintained statutory claims under (1) Texas state law, (2) the Americans with Disabilities Act, and (3) the Rehabilitation Act.[4] When NACA filed a motion to dismiss, the Court

---

[1] Doc. 61; Doc. 62.

[2] *Cummings v. Premier Rehab Keller, P.L.L.C.*, 142 S. Ct. 1562 (2022).

[3] Doc. 49 at 1.

[4] Doc. 1 at 6–10.

dismissed the state law claim and placed the federal claims on hold until the Fifth Circuit (and later the Supreme Court) decided whether emotional distress damages were recoverable in a similar suit brought by Cummings.  The Supreme Court's decision barred plaintiffs from recovering emotional distress damages through Spending Clause statutes—including the Americans with Disabilities Act and the Rehabilitation Act.[5]  The Supreme Court explained that laws stemming from the Spending Clause follow principles of contract law, which do not traditionally permit the recovery of emotional damages.[6]

Cummings stipulated that her damages were limited to emotional distress damages.[7]  Cummings' two remaining statutory claims under the Americans with Disabilities Act and the Rehabilitation Act both fall under the Spending Clause. Because the law does not permit emotional distress damages for Spending Clause statutes, Cummings no longer has a claim upon which this relief can be granted.

Although Cummings contends the Supreme Court erred in its ruling, the Court disagrees.  Spending Clause cases are akin to contracts between Congress and the recipients.  Here, Congress did not put recipients, like NACA, on notice they would be on the hook for emotional distress damages.  And the Court will not add terms to that agreement.

Additionally, Cummings argues that she is entitled to nominal and expectation-interest damages. Regarding expectation-interest damages, Cummings

---

[5] *Cummings*, 142 S. Ct. at 1576.

[6] *Id.* (quoting *Barnes v. Gorman*, 536 U.S. 181, 187 (2002)).

[7] Doc. 49 at 1.

expressly states in the *Joint Submission* that "she is not seeking and has not suffered any other damages or financial damages in any way[.]"[8]  Even though Cummings argues that she could not have waived her right to these damages because "they were not clearly available," the *Joint Submission* and the Supreme Court's ruling undercut her claim.[9]  First, the *Joint Submission* demonstrates that, even if expectation-interest damages were not *clearly* available, Cummings was aware of them and still chose to knowingly waive them.[10]  Second, the Supreme Court's holding did not address expectation-interest damages, therefore it did nothing to change Cummings' understanding of expectation-interest damages or her ability to seek them during this suit.  Cummings is not entitled to expectation-interest damages.

Nominal damages, on the other hand, remain recoverable.[11]  "Because every violation of a right imports damage . . . nominal damages can redress [Plaintiff]'s injury even if [she] cannot or chooses not to quantify that harm in economic terms."[12]  Furthermore, unlike Cummings' knowing waiver of expectation-interest damages in the *Joint Submission*, the Court finds no such waiver regarding nominal damages.

---

[8] *Id.*

[9] Doc. 62 at 10.

[10] "Plaintiff stipulates she is not seeking and has not suffered any other damages or financial damages in any way from any lost opportunity to purchase a home from NACA, such as for any delays or inability to secure a mortgage or housing, or consequential or economic damages." Doc. 49 at 1.

[11] *See Luke v. Texas*, 46 F.4th 301, 307 n.4 (5th Cir. 2022) ("We leave it for the district court to decide the effect, if any, Cummings has on [plaintiff]'s ability to recover emotional distress damages under Title II.  In any event, [plaintiff] also seeks nominal damages.").

[12] *Uzuegbunam v. Preczewski*, 141 S.Ct. 792, 802 (2021) (cleaned up).

For these reasons, Cummings may proceed as to nominal damages only.

**IT IS SO ORDERED** this 10th day of August, 2023.

_____
BRANTLEY STARR
UNITED STATES DISTRICT JUDGE