UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JANE CUMMINGS, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | Civil Action No. 3:18-CV-1746-X |
| | § | |
| NEIGHBORHOOD ASSISTANCE | § | |
| CORPORATION OF AMERICA, | § | |
| | § | |
| *Defendant.* | § | |

**<u>MEMORANDUM OPINION AND ORDER</u>**

Before the Court is Plaintiff Jane Cummings' motion for summary judgment. (Doc. 70). Having carefully considered the underlying facts, the parties' arguments, and the applicable caselaw, the Court **DENIES** the motion. (Doc. 70).

## I. Background

This is a disability discrimination dispute. Cummings alleges that she is a deaf individual who communicates primarily using American Sign Language. Defendant Neighborhood Assistance Corporation of America ("NACA") is a nonprofit homeownership organization that hosts various workshops for prospective homebuyers. In 2018, Cummings sued NACA for refusing to guarantee that it would provide her with an American Sign Language interpreter if she attended NACA's workshops. She sought emotional distress damages under (1) Texas state law, (2) the Americans with Disabilities Act (ADA), and (3) the Rehabilitation Act (RA).

The Court dismissed the state law claim and placed the federal claims on hold until the Fifth Circuit (and later the Supreme Court) decided whether emotional

distress damages were recoverable in a similar suit brought by Cummings. The Supreme Court's decision barred plaintiffs from recovering emotional distress damages through Spending Clause statutes, including the Americans with Disabilities Act and the Rehabilitation Act.[1] This Court subsequently held that Cummings' ADA and RA claims could proceed as to nominal damages only.

Cummings then filed the present motion for summary judgment. Importantly, she states that her ADA claim has long been withdrawn and only her RA claim remains. She contends that she is entitled to summary judgment on her RA claim because NACA, a federal funds recipient, was obligated to provide her with an interpreter and refused to do so. According to Cummings, a NACA representative told her she would need to bring her own interpreter to NACA workshops, which is an automatic violation of the RA.

NACA argues there is a genuine dispute of material fact because it offered Cummings several options for accommodations, which she declined, and she never attempted to attend a workshop. Cummings denies that NACA offered all the accommodations it claims to have offered, and she maintains that NACA's refusal to guarantee she would be provided an interpreter at workshops is in and of itself a violation of the RA. The motion is ripe for this Court's consideration.

## II. Legal Standard

Courts may grant summary judgment if the movant shows that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a

---

[1] *Cummings v. Premier Rehab Keller, P.L.L.C.*, 142 S. Ct. 1562, 1576 (2022).

matter of law."[2]  A material fact is one "that might affect the outcome of the suit under the governing law."[3]  And "[a] dispute is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."[4]  The party moving for summary judgment bears the initial burden of identifying the evidence "which it believes demonstrate[s] the absence of a genuine [dispute] of material fact."[5]

## III. Analysis

The Court concludes that there are genuine disputes of material fact that preclude summary judgment here.  "Section 504 of the Rehabilitation Act prohibits disability discrimination by recipients of federal funding."[6]  It provides that no qualified individual with a disability "shall, solely by reason of her or his disability, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance."[7]  "The remedies, procedures and rights available under title II are those available under Section 504."[8]

The RA imposes an affirmative obligation on public entities to make reasonable accommodations for disabled individuals.[9]  "A plaintiff's requested accommodation

---

[2] FED. R. CIV. P. 56(a).

[3] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

[4] *Westfall v. Luna*, 903 F.3d 534, 546 (5th Cir. 2018) (cleaned up).

[5] *Celotex Corp. v. Catrett*, 477 U.S. 318, 323 (1986); *see also* FED. R. CIV. P. 56(c)(1).

[6] *Frame v. City of Arlington*, 657 F.3d 215, 223 (5th Cir. 2011).

[7] *Id.*; 29 U.S.C. § 794(a).

[8] *Melton v. Dallas Area Rapid Transit*, 391 F.3d 669, 676 (5th Cir. 2004).

[9] *Cadena v. El Paso Cnty.*, 946 F.3d 717, 723 (5th Cir. 2020).

must also be reasonable, meaning that it does not impose undue financial or administrative burdens or fundamentally alter the nature of the service, program, or activity."[10]  A reasonable accommodation requires public entities to afford disabled individuals "equal opportunity to obtain the same result, to gain the same benefit, or to reach the same level of achievement."[11]  Determining what is exactly necessary to satisfy this standard is a material question of fact the Court is unable to resolve at summary judgment.[12]  There is no support for Cummings' assertion that NACA is effectively strictly liable under the RA for declining to guarantee Cummings an interpreter in advance.

Here, the parties dispute whether (1) NACA receives federal funding and (2) Cummings' request for an interpreter at NACA's workshops was a reasonable accommodation.[13]  NACA also contends that it offered Cummings various reasonable accommodations that would satisfy its obligation under the RA, and Cummings was not entitled to an advance guarantee of the accommodation of her choice.[14]  Both sides cite summary judgment evidence supporting their position.[15]  Therefore, Cummings has not established that there is no dispute of material fact, and she is not entitled to summary judgment.

---

[10] *Id.* at 724.

[11] 45 C.F.R. § 84.4(b)(2).

[12] *See Levy v. Louisiana Dep't of Pub. Safety & Corr.*, 371 F. Supp. 3d 274, 286 (M.D. La. 2019).

[13] Doc. 74 at 10–16; Doc. 76 at 3–8.

[14] Doc. 74 at 10–15.

[15] Doc. 71 at 20–21, 35–36; Doc. 75 at 41, 47–48, 56–57.

## IV. Conclusion

For the reasons explained above, the Court **DENIES** Cummings' motion for summary judgment.  (Doc. 70).

**IT IS SO ORDERED** this 28th day of March, 2024.

_____
BRANTLEY STARR
UNITED STATES DISTRICT JUDGE