IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JANE CUMMINGS, | § § § § | |
| Plaintiff, | | |
| v. | § § § § § § § § | Civil Action No. 3:18-cv-01746-X |
| NEIGHBORHOOD ASSISTANCE CORPORATION OF AMERICA, | | |
| Defendant. | | |

PLAINTIFF'S MOTION IN LIMINE AND BRIEF IN SUPPORT

Dated:  July 15, 2024

Reyna Lubin (*pro hac vice*)
EISENBERG & BAUM, LLP
24 Union Square East, PH
New York, NY 10003
(212) 353-8700
rlubin@eandblaw.com
*Attorneys for Plaintiff*

In accordance with this Court's Order dated April 10, 2024 (ECF 78), Plaintiff Jane Cummings moves in limine for an order directing Defendant Neighborhood Assistance Corporation of America ("NACA") to exclude testimony or evidence referring to or implying the following.

**ARGUMENT AND AUTHORITIES**

### 1. Defendant should be precluded from introducing evidence affirming that it is not a recipient of federal funding

Despite NACA's corporate representative testifying that the Rehabilitation Act applies to NACA and the numerous government websites that affirm NACA receives federal funding, NACA has made a blanket statement this it is not a recipient of federal funding.[1] To date, Defendant has failed to provide Plaintiff with any financial documentation affirming that it is not a recipient of such funds. Under Federal Rule of Civil Procedure 37(c)(1), if "a party fails to provide information . . . as required by Rule 26(a) or (e), the party is not allowed to use that information . . . to supply evidence . . . at a trial." Accordingly, Defendant must be precluded from introducing such evidence.

### 2. Defendant should be precluded from stating that it provided alternative hearing accommodations to Jane Cummings

Although NACA may try to dispute the unambiguous call transcript in which an employee denied Ms. Cummings's request for an American Sign Language ("ASL")

---

[1] *See also* Office of Inspector General, https://www.hudoig.gov/reports-publications/report/neighborhood-assistance-corporation-america-generally-administered-its; *Hyder v. Quarterman*, No. C-07-291, 2007 U.S. Dist. LEXIS 96363, at *7 (S.D. Tex. Oct. 10, 2007) ("The Fifth Circuit has determined that courts may take judicial notice of governmental websites.").

1

interpreter, there is no evidence that NACA offered any other alternative accommodations. Under Federal Rule of Civil Procedure 37(c)(1), if "a party fails to provide information . . . as required by Rule 26(a) or (e), the party is not allowed to use that information . . . to supply evidence . . . at a trial."

### 3. Defendant's witnesses should be precluded from relying on or testifying at trial about any settlement negotiations between the parties

Defendant's Brief in Support to its response to Plaintiff's Motion for Partial Summary Judgment and accompanying affidavits make references to the parties' confidential settlement communications. Federal Rule of Civil Procedure Rule 408 states that evidence of statements made in compromise negotiations are "not admissible on behalf of any party, when offered to prove liability for, invalidity of, or amount of a claim that was disputed as to validity or amount, or to impeach through a prior inconsistent statement or contradiction ...." FED. R. EVID. 408(a). Accordingly, the Court should preclude such evidence of settlement communications between the parties.

## CONCLUSION

For the reasons provided, the Court should grant this motion in limine in its entirety.

Dated: July 15, 2024

Respectfully Submitted,

*s/Reyna Lubin*
By: Reyna Lubin NY#5540570

                                        Andrew Rozynski NY#505446
                                        24 Union Square East, Penthouse
                                        New York, NY 10003
                                        Telephone No. 212-353-8700
                                        rlubin@eandblaw.com
                                        arozynski@eandblaw.com
                                        *Attorneys for Plaintiff*

## CERTIFICATE OF CONFERENCE

Prior to filing this motion, counsel for Plaintiff, Reyna Lubin, conferred with counsel for Defendant, David Hymer, on July 15, 2024. It was determined that Plaintiff's motion will be opposed as Defendant does not agree that it should be precluded from introducing the above-mentioned evidence. Defendant will file a formal opposition is accordance with this Court's pretrial schedule.

Respectfully Submitted,

*s/Reyna Lubin*
Reyna Lubin

## CERTIFICATE OF SERVICE

      I, Reyna Lubin, counsel for Plaintiff in the captioned cause, do hereby certify that a true and exact copy of this pleading was filed electronically with the Court on this 15th day of July, 2024. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's electronic filing system.

      Respectfully Submitted,

      *s/Reyna Lubin*
      Reyna Lubin