IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JANE CUMMINGS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:18-cv-01746-X |
| | § | |
| NEIGHBORHOOD ASSISTANCE | § | |
| CORPORATION OF AMERICA, | § | |
| | § | |
| Defendant. | § | |

PLAINTIFF'S PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW

Dated: July 16, 2024

Reyna Lubin (*pro hac vice*)
EISENBERG & BAUM, LLP
24 Union Square East, PH
New York, NY 10003
(212) 353-8700
rlubin@eandblaw.com
*Attorneys for Plaintiff*

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ......................................................................................... iii

INTRODUCTION ...................................................................................................... 1

PROPOSED FINDINGS OF FACT ............................................................................ 1

PROPOSED CONCLUSIONS OF LAW ..................................................................... 3

    1.  Defendant's Liability under the RA is Established  ......................................... 3

    2.  Plaintiff is entitled to Nominal Damages and Attorneys' Fees ....................... 5

CONCLUSION ......................................................................................................... 7

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Alexander v. Sandoval,*
    532 U.S. 275 (2001) ................................................................................. 5

*Bax v. Drs. Med. Ctr. of Modesto, Inc.,*
    52 F.4th 862 (9th Cir. 2022) .................................................................... 5

*Cadena v. El Paso Cty.,*
    946 F.3d 717 (5th Cir. 2020) ................................................................... 4

*cf White v. South Park Indep. Sch. Dist.,*
    693 F.2d 1163 (5th Cir. 1982) ................................................................. 6

*Camarillo v. Carrols Corp.,* ...................................................................... 6
        518 F.3d 153 (2d Cir. 2008)

*Cuevas v. City of Jersey City,*
    No. 20-17555 (SDW)(AME), 2023 U.S. Dist. LEXIS 153076
    (D.N.J. Aug. 30, 2023) ............................................................................ 6

*Dickerson v. Georgetown Hous. Auth.,*
    No. 08-367-KSF, 2009 U.S. Dist. LEXIS 143444 (E.D. Ky. May 14, 2009) ............. 3

*Farrar* v. *Hobby,*
    506 U.S. 103 (1992) ................................................................................. 6

*Frame v. City of Arlington,*
    657 F.3d 215 (5th Cir. 2011) ................................................................... 4

*Francois v. Our Lady of the Lake Hosp., Inc.,*
    8 F.4th 370 (5th Cir. 2021) ................................................................. 4, 5

*Gordon v. Virtumundo, Inc.*
    575 F.3d 1040 (9th Cir. 2009) ................................................................. 6

*Hensley v. Eckhart,*
    461 U.S. 424 (1976) ................................................................................. 6

*Hopwood v. State of Texas,*
    236 F.3d 256 (5th Cir. 2000) ................................................................... 6

*Hyder v. Quarterman,*
  No. C-07-291, 2007 U.S. Dist. LEXIS 96363 (S.D. Tex. Oct. 10, 2007) ............... 3, 4

*Luke v. Texas*................................................................................................4,6
  *46 F.4th 301* (5th Cir. 2022)

*Silva v. Baptist Health S. Fla., Inc.,*
  856 F.3d 824 (11th Cir. 2017).......................................................................5

*Svochak v. Grapevine-Colleyville ISD*, No.
  4:23-CV-270-BJ, 2023 U.S. Dist. LEXIS 215839 (N.D. Tex. Dec. 5, 2023)............5

*Williams v. Kaufman Cty.,*
  Civil Action No. 3:97-CV-0875-L, 2003 U.S. Dist. LEXIS 597
  (N.D. Tex. Apr. 9, 2003) ...............................................................................6

**Statutes**

29 U.S.C. § 794(a) ..........................................................................................4

29 U.S.C.S. § 794a(b) ......................................................................................6

**Regulations**

28 C.F.R. § 35.130(b)(7) ..................................................................................4

45 C.F.R. § 84.52(a)(4) ....................................................................................5

45 C.F.R. § 84.52(d)(1) ....................................................................................5

**Other Authorities**

Office of Inspector General, https://www.hudoig.gov/reports-
  publications/report/neighborhood-assistance-corporation-america-generally-
  administered-its ....................................................................................... 3, 4

15.6 Nominal Damages, Fifth Circuit Civil Jury Instructions (revised Oct. 2016),
  https://bit.ly/2nQjv3H ...................................................................................6

## INTRODUCTION

In accordance with this Court's Order dated July 16, 2024 [ECF 83], Plaintiff Jane Cummings proposes the following findings of fact and conclusions of law.

The irrefutable evidence in the record shows that, in the summer of 2016, Ms. Cummings called Neighborhood Assistance Corporation America ("NACA") through Video Relay Services ("VRS") and requested the organization to provide her an American Sign Language interpreter to attend NACA's workshops. She was told to provide her own interpreter on two separate calls—in violation of federal law.

## PROPOSED FINDINGS OF FACT[1]

1. Jane Cummings was born deaf.[2]

2. Jane Cummings has vision loss.[3]

3. Plaintiff's primary and preferred method of communication is American Sign Language ("ASL").[4]

4. NACA is "the largest non-profit HUD-certified community advocacy and homeownership organization" with "the most effective homeownership programs in the country."[5]

5. In the summer of 2016, Plaintiff sought to attend NACA's Homebuyer Workshop.[6]

---

[1] Plaintiff anticipates all of the following proposed facts to be introduced at trial. For the purposes of this submission, Plaintiff refers the Court to Plaintiff's appendix submitted with her summary judgments motion [ECF 71].
[2] APP.7.
[3] *Id.*
[4] APP.9.
[5] APP.3.
[6] APP.4.

6. NACA's homebuyer workshop is a free educational forum that is open to everyone prior to determining one's status as a NACA Member or Non-Member.[7]

7. In the summer of 2016, Plaintiff contacted NACA through Video Relay Service to request on two separate occasions.[8]

8. Video Relay Service "is a form of Telecommunications Relay Service that enables persons with hearing disabilities who use American Sign Language to communicate with voice telephone users through video equipment, rather than through typed text."[9]

9. Plaintiff requested NACA to provide her with an ASL interpreter to attend the homebuyer workshops during both of her communications with NACA.[10]

10. On the first call, NACA denied Cumming's request for an interpreter.[11]

11. Plaintiff recorded the second call, which was translated by NACA's attorneys.[12]

12. On the recorded second call, a woman named Celia Garza, stated, "Ma'am, we understand the law but we can't afford to do that. If you want to come into the office, you yourself are responsible to bring either a family member or someone else you trust to interpret for you."[13]

13. NACA confirmed that hiring interpreters is not an undue burden.[14]

14. In fact, NACA claims that their practice is to usually provide interpreters for interested homeowners.[15]

15. NACA alleges that their employees recieve training related to providing reasonable accommodations for persons with disabilities.[16]

---

[7] *Id.*
[8] *See* APP.17–APP.19
[9] Fed. Commc'ns Comm'n, Video Relay Services, https://bit.ly/2iG8NrT (last visited Jan. 5, 2024).
[10] *Supra* note 7.
[11] APP.12.
[12] APP.18–19.
[13] *Id.*
[14] APP.33–34 & APP.37.
[15] APP.34.
[16] APP.35.

16. Despite, their claimed practice, NACA denied Plaintiff access to its public workshop on two occasions.[17]

17. Specifically, NACA told Plaintiff, "Ma'am, we understand the law but we can't afford to do that. If you want to come into the office, you yourself are responsible to bring either a family member or someone else you trust to interpret for you."[18]

18. There is no evidence that NACA offered any other accommodations to Plaintiff so that she could equally participate in the workshop as hearing/non-disabled individuals.

19. "HUD is the federal funding agency charged with approving funding to local Housing Authorities, and the misuse of those federal funds is appropriately reported to HUD."[19]

20. NACA accepts federal funding.[20]

21. The Court can take notice of the numerous judicial filings affirming that the organization accepts federal funds.[21]

22. NACA's 30(b)(6) representative affirmed that the Rehabilitation Act applies to NACA.[22]

23. NACA has provided no evidence that it does not accept federal funding.

## PROPOSED CONCLUSIONS OF LAW

### I.   Defendant's Liability under the RA is Established

---

[17] *Supra* note 7.

[18] APP.18–19.

[19] *Dickerson v. Georgetown Hous. Auth.*, No. 08-367-KSF, 2009 U.S. Dist. LEXIS 143444, at *8–9 (E.D. Ky. May 14, 2009).

[20] APP.38; *see also* Office of Inspector General, https://www.hudoig.gov/reports-publications/report/neighborhood-assistance-corporation-america-generally-administered-its; https://app.fac.gov/dissemination/summary/2016-12-CENSUS-0000228410

[21] *Hyder v. Quarterman*, No. C-07-291, 2007 U.S. Dist. LEXIS 96363, at *7 (S.D. Tex. Oct. 10, 2007) ("The Fifth Circuit has determined that courts may take judicial notice of governmental websites.").

[22] APP.38.

1. Ms. Cummings has brought a discrimination claim for damages against Neighborhood Assistance Corporation of American under Section 504 of the Rehabilitation Act ("RA").

2. To prove a claim under Section 504 of the RA, Ms. Cummings must prove that (1) she has a qualifying disability; (2) NACA is a recipient of federal funds; (3) Ms. Cummings was excluded from participation in, or denied the benefits of services, programs, or activities for which NACA was responsible, or was otherwise discriminated against by NACA, and (4) that such exclusion, denial of benefits, or discrimination is by reason of her disability.[23]

3. Ms. Cummings has a qualifying disability of deafness, and the Rehabilitation Act applies to NACA because of its receipt of HUD grants.[24]

4. Accordingly, NACA was required to furnish appropriate auxiliary aids to afford deaf individuals the same equal enjoyment and access to NACA's services as hearing individuals unless the entity can demonstrate undue financial or administrative burdens or fundamentally alter the nature of the service, program, or activity.[25]

5. The record shows that NACA was financially capable of providing an interpreter and no fundamental alteration existed. Accordingly, NACA violated the RA.

6. The record reveals that NACA required Ms. Cummings to provide her own interpreter or a family member to interpreter for her, contrary to the law.

7. The Fifth Circuit had expressly held that entities cannot force a disabled person's family member to provide the interpretation services for which the entity is responsible.[26]

---

[23] 29 U.S.C. § 794(a); *Francois v. Our Lady of the Lake Hosp., Inc.*, 8 F.4th 370, 377–78 (5th Cir. 2021).

[24] *See also* Office of Inspector General, https://www.hudoig.gov/reports-publications/report/neighborhood-assistance-corporation-america-generally-administered-its; https://app.fac.gov/dissemination/summary/2016-12-CENSUS-0000228410; *Hyder v. Quarterman*, No. C-07-291, 2007 U.S. Dist. LEXIS 96363, at *7 (S.D. Tex. Oct. 10, 2007) ("The Fifth Circuit has determined that courts may take judicial notice of governmental websites.").

[25] 28 C.F.R. § 35.130(b)(7); *Frame v. City of Arlington*, 657 F.3d 215, 232 (5th Cir. 2011) (en banc); *Cadena v. El Paso Cty.*, 946 F.3d 717, 724 (5th Cir. 2020).

[26] *Luke v. Texas, 46 F.4th 301, 307* (5th Cir. 2022)( "[P]ublic entities cannot force a disabled person's family member to provide the interpretation services for which the entity is responsible."); *see also Svochak v. Grapevine-Colleyville ISD*, No. 4:23-CV-270-BJ, 2023

8.  Indeed, the RA imposes an affirmative obligation on an organization to provide reasonable accommodations for disabled individuals.[27]

9.  Federal regulations make clear that a federal funding recipient cannot "[p]rovide benefits or services *in a manner that limits or has the effect of limiting the participation of qualified handicapped persons*"[28]

10. To that end, federal funding recipients with fifteen or more employees "*shall provide* appropriate auxiliary aids to persons with impaired sensory, manual, or speaking skills, where necessary to afford such persons an equal opportunity to benefit from the service in question."[29]

11. The "shall provide" language makes clear that a qualified individual with a disability is not required to provide her own auxiliary aid, such as an interpreter; it is the federal funding recipient's obligation.

12. Additionally, the record is absent of any evidence that any other accommodation was offered to Ms. Cummings to allow her to equally participate in NACA's workshop.

13. This inquiry focuses on whether the plaintiff received an equal opportunity to participate in the overall informational exchange at the workshop.[30]

14. Indeed, effective communication requires all parties to receive information from, and convey information to, one another.[31] To determine whether an individual would receive ineffective communication, "the test is whether an individual has received an auxiliary aid sufficient to prevent any 'real hindrance' in her ability to exchange information."[32]

---

U.S. Dist. LEXIS 215839, at *5 n.2 (N.D. Tex. Dec. 5, 2023) (The RA and the ADA are judged under the same legal standards).

[27] *Cadena v. El Paso Cty.*, 946 F.3d 717, 723 (5th Cir. 2020).

[28] *See Alexander v. Sandoval*, 532 U.S. 275, 284 (2001) ("A Congress that intends the statute to be enforced through a private cause of action intends the authoritative interpretation of the statute to be so enforced as well.") (internal citations omitted); 45 C.F.R. § 84.52(a)(4) (emphasis added). Notably, the regulations only require what the statute already demands.

[29] *Id.* § 84.52(d)(1) (emphasis added).

[30] 45 C.F.R. § 84.52(d)(1); *Francois v. Our Lady of the Lake Hosp., Inc., 8 F.4th 370, 374 (5th Cir. 2021).*

[31] *Bax v. Drs. Med. Ctr. of Modesto, Inc.*, 52 F.4th 862, 867 (9th Cir. 2022); *Silva v. Baptist Health S. Fla., Inc.*, 856 F.3d 824, 835 (11th Cir. 2017).

[32] *Id.*

15. NACA failed to make this showing and for all the reasons set forth above, should be held liable for violating the RA.

16. NACA cannot attempt to evade liability by claiming the organization eventually offered Cummings an interpreter after she brough civil claims against the organization. Indeed, The Fifth Circuit has expressly rejected a "no harm, no foul" theory of liability under federal discrimination statutes.[33] Moreover, every other sister court that has analyzed said theory has rejected it. *Id.*

## II.    Plaintiff is entitled to Nominal Damages and Attorneys' Fees

17. Nominal damages are available under the Rehabilitation Act, which allows the court to award the prevailing party reasonable attorneys' fees and costs.[34]

18. Upon proof of this legal violation, Cummings is entitled "to nominal damages" because "every violation of a right imports damage."[35]

19. In fact, a court recently awarded nominal damages under the Rehabilitation Act because a courthouse failed to provide interpreters almost every day of the month: "Limiting deaf persons' access to the court to only one day per month—a day on which an ASL interpreter *might* be present—is not a reasonable accommodation. . . . Therefore, having found that Defendant discriminated against Plaintiff in violation of . . . the [Rehabilitation Act] . . . this Court awards Plaintiff nominal damages in the amount of $1.00."[36]

---

[33] *Luke v. Texas*, 46 F.4th 301, 306 (5th Cir. 2022) (determining that the no-harm-no-foul theory is inconsistent with the ADA); *Camarillo v. Carrols Corp.*, 518 F.3d 153, 158 (2d Cir. 2008) (rejecting district court's decision that blind plaintiff "was always permitted to eat at defendants' establishments and thus suffered no harm that is cognizable under the ADA."); *Gordon v. Virtumundo, Inc.*, 575 F.3d 1040, 1069 (9th Cir. 2009) (determining that the ADA does "not expressly require a showing of injury or adverse effect from the discrimination" to establish liability).

[34] 29 U.S.C.S. § 794a(b).

[35] Doc. 65 at 3–4 (cleaned up); 15.6 Nominal Damages, Fifth Circuit Civil Jury Instructions (revised Oct. 2016), https://bit.ly/2nQjv3H, at 348 ("Nominal damages are an inconsequential or trifling sum awarded to a plaintiff when a technical violation of [his/her] rights has occurred but the plaintiff has suffered no actual loss or injury.").

[36] *Cuevas v. City of Jersey City*, No. 20-17555 (SDW)(AME), 2023 U.S. Dist. LEXIS 153076, at *17–18 & *24 (D.N.J. Aug. 30, 2023).

20. The RA also provides that a court may allow the prevailing party reasonable attorneys' fees and costs.[37]

21. The Supreme Court has held that the prevailing party, pursuant to statutes like the RA, "should ordinarily recover attorneys' fees unless special circumstances would render such an award unjust."[38]

22. Even where the damages awarded are nominal, attorney's fees may be justified on the basis of the plaintiff having accomplished some goal that serves the public interest.[39]

23. Here, Plaintiff has stood up for the civil rights of deaf individuals and deaf homebuyers to be treated equally and, in doing so, conferred a benefit to the public.

## CONCLUSION

For the above reasons, this Court should find that the Defendant is

viable under the RA.


Dated: July 16, 2024


                                    Respectfully Submitted,

                                    *s/Reyna Lubin*
                                    By: Reyna Lubin NY#5540570
                                    Andrew Rozynski NY#505446
                                    24 Union Square East, Penthouse
                                    New York, NY 10003
                                    Telephone No. 212-353-8700
                                    rlubin@eandblaw.com

---

[37] 29 U.S.C.S. § 794a(b).

[38] *Hensley v. Eckhart*, 461 U.S. 424, 429 (1976); *see also Hopwood v. State of Texas*, 236 F.3d 256, 278 (5th Cir. 2000) (citing *Hensley*, 461 U.S. at 429); *cf White v. South Park Indep. Sch. Dist.*, 693 F.2d 1163, 1169 (5th Cir. 1982) (same).

[39] *Farrar* v. *Hobby,* 506 U.S. 103, 121-22 (1992); *see also Hopwood*, 236 F.3d at 278 (stating that "even nominal damages can support an award of attorney's fees"); *see also Williams v. Kaufman Cty.*, Civil Action No. 3:97-CV-0875-L, 2003 U.S. Dist. LEXIS 5974, at *13-14 (N.D. Tex. Apr. 9, 2003).

arozynski@eandblaw.com
*Attorneys for Plaintiff*

8

**CERTIFICATE OF SERVICE**

  I, Reyna Lubin, counsel for Plaintiff in the captioned cause, do hereby certify that a true and exact copy of this pleading was filed electronically with the Court on this 16th day of July, 2024. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's electronic filing system.

        Respectfully Submitted,

        *s/Reyna Lubin*
        Reyna Lubin