IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JANE CUMMINGS, | § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. 3:18-cv-01746-M |
| NEIGHBORHOOD ASSISTANCE CORPORATION OF AMERICA, | § § § § | |
| Defendant. | § | |

## JOINT PRETRIAL ORDER

In accordance with this Court's Order dated July 15, 2024 [ECF 83], the parties submit the following Joint Proposed Final Pretrial Order to be considered at the Final Pretrial Conference.

### I.  SUMMARY OF CLAIMS AND DEFENSES FOR EACH PARTY

**1. Plaintiff's Claims:**

Plaintiff Jane Cummings is deaf and has vision loss. Her primary and preferred method of communication is American Sign Language ("ASL"). In the summer of 2016, Ms. Cummings called Neighborhood Assistance Corporation America ("NACA") through Video Relay Services ("VRS") and requested the organization to provide her an ASL interpreter to attend NACA's workshops. She was told to provide her own interpreter on two separate calls—in violation of federal law.

**2. Defendant's Claims and Defenses:**

Defendant denies that Plaintiff ever called Defendant. Plaintiff claims to have spoken with "Vicky." Defendant is unaware of any "Vicky" working in the Dallas office. Even if a person answered the telephone at NACA and incorrectly stated to Plaintiff that an ASL interpreter would not be provided to her, that mistaken statement would not be a violation of the Rehabilitation Act as Plaintiff was not excluded from participation in, or denied the benefits of services, programs, or activities for which NACA was responsible, or was not otherwise discriminated against by NACA. Had Plaintiff appeared at a workshop, Plaintiff would have been provided written materials as the information at the workshops are written on PowerPoint slides or on paper. The NACA personnel at the workshops are knowledgeable of NACA's practice of providing assistance when requested. NACA has not ever received federal funds.

## II. STIPULATED FACTS

1. Jane Cummings is deaf.

2. Plaintiff's primary and preferred method of communication is American Sign Language ("ASL").

3. NACA is "the largest non-profit community advocacy and homeownership organization" with "the most effective homeownership programs in the country".

4. NACA's homebuyer workshop is a free educational forum which is open to everyone prior to determining your status as a NACA Member or Non-Member.

5. Plaintiff never attended a NACA homebuyer workshop.

III. **LIST OF CONTESTED ISSUES OF FACT**

1. Did NACA refuse to provide Plaintiff with an interpreter to attend NACA's public workshop?

2. Is NACA a recipient of federal funds?

3. Was Plaintiff excluded from participation in, or denied the benefits of services, programs, or activities for which NACA was responsible, or was otherwise discriminated against by NACA?

4. Was Plaintiff afforded equal opportunity to obtain the same result, to gain the same benefit, or to reach the same level of achievement?

IV. **LIST OF CONTESTED ISSUES OF LAW**

1. **Whether Defendant violated the RA by failing to provide Plaintiff with an interpreter to attend the NACA workshop?**

   A. **Plaintiff's position:**

Defendant violated the RA when Defendant refused to provide an ASL interpreter to Plaintiff to attend their public homebuyers workshop. Plaintiff contends that Defendant failed to offer her any accommodation and instead required her to provide her own accommodation.

   B. **Defendant's position:**

"There is no support for Cummings' assertion that NACA is effectively strictly liable under the RA for declining to guarantee Cummings an interpreter in advance." [ECF 77]. Any duty to provide reasonable accommodations does not impose a duty to provide Plaintiff with the specific accommodation of her choice. Even if a person answered the telephone at NACA and incorrectly stated to Plaintiff that an ASL

interpreter would not be provided to her, that mistaken statement would not be a violation of the Rehabilitation Act as Plaintiff was not excluded from participation in, or denied the benefits of services, programs, or activities for which NACA was responsible, or was not otherwise discriminated against by NACA. Plaintiff was, at best, declined to be provided the specific accommodation that she demanded. NACA is not a recipient of federal funds.

### 2. Whether Defendant violated the RA by failing to offer a reasonable accommodation that would allow Plaintiff a full and equal opportunity to enjoy Defendant's services?

#### A. Plaintiff's Position:

NACA was required to provide Ms. Cummings with a reasonable accommodation that would allow Plaintiff to equally enjoy and participate in NACA's workshops. The inquiry focuses on whether the plaintiff is receiving an equal opportunity to participate in the overall informational exchange. 45 C.F.R. § 84.52(d)(1); *Francois v. Our Lady of the Lake Hosp., Inc.*, 8 F.4th 370, 374 (5th Cir. 2021). Here, Defendant failed to provide any accommodation that would allow Plaintiff to attend a homebuyer's workshop and access the information in a similar manner as non-disabled persons.

#### B. Defendant's Position:

Any duty to provide reasonable accommodations does not impose a duty to provide Plaintiff with the specific accommodation of her choice. Even if a person answered the telephone at NACA and incorrectly stated to Plaintiff that an ASL

interpreter would not be provided to her, that mistaken statement would not be a violation of the Rehabilitation Act as Plaintiff was not excluded from participation in, or denied the benefits of services, programs, or activities for which NACA was responsible, or was not otherwise discriminated against by NACA. Plaintiff was, at best, declined to be provided the specific accommodation that she demanded. NACA is not a recipient of federal funds.

### 3. Whether Defendant suffered an undue burden or fundamental alteration relieving Defendant of its obligation to provide an interpreter?

#### A. Plaintiff's Position

Defendant was required to furnish appropriate auxiliary aids to afford deaf individuals the same equal enjoyment and access to Defendant's services as hearing individuals unless the entity can demonstrate an undue financial or administrative burdens or fundamentally alter the nature of the service, program, or activity. 28 C.F.R. § 35.130(b)(7). Evidence shows that Defendant was financially capable of providing an interpreter and no fundamental alteration existed. Accordingly, Defendant violated the RA.

#### B. Defendant's Position

Defendant has offered an interpreter to Plaintiff upon being informed of Plaintiff's complaint and prior to answering the lawsuit in 2018. NACA routinely provides interpreters, including ASL interpreters. Defendant does not contend an ASL interpreter creates an undue burden on NACA.

## V. ESTIMATE LENGTH OF TRIAL

The parties expect the bench trial to be 1-2 days.

## VI. LIST OF ADDITIONAL MATTERS THAT MIGHT AID IN THE DISPOSITION OF THE CASE

### 1. Plaintiff's Attorney's Fees

#### A. Plaintiff's Position:

The RA provides that a court may allow the prevailing party reasonable attorneys' fees and costs. 29 U.S.C.S. § 794a(b). The Supreme Court has held that the prevailing party pursuant to statutes like the RA "should ordinarily recover attorneys' fees unless special circumstances would render such an award unjust." *Hensley v. Eckhart*, 461 U.S. 424, 429 (1976); *see also Hopwood v. State of Texas*, 236 F.3d 256, 278 (5th Cir. 2000) (citing *Hensley*, 461 U.S. at 429); *cf White v. South Park Indep. Sch. Dist.*, 693 F.2d 1163, 1169 (5th Cir. 1982) (same). Even where the damages awarded are nominal, attorney's fees may be justified on the basis of the plaintiff having accomplished some goal that serves the public interest. *Farrar v. Hobby,* 506 U.S. 103, 121-22 (1992); *see also Hopwood*, 236 F.3d at 278 (stating that "even nominal damages can support an award of attorney's fees"); see also *Williams v. Kaufman Cty.*, Civil Action No. 3:97-CV-0875-L, 2003 U.S. Dist. LEXIS 5974, at *13-14 (N.D. Tex. Apr. 9, 2003). Defendant cannot cite any caselaw affirming that fees are limited for "technical violations". Notably, Plaintiffs emotional distress damages were limited by the court only after the close of all discovery. ECF 65. If Plaintiff is deemed the prevailing party, Plaintiff's counsel should be allowed to submit an attorney's fee application with the Court.

**B. Defendant's Position:**

The Court ruled [ECF 65] that that the Plaintiff "may proceed as to nominal damages only." The potential damage award available to Plaintiff is not an impediment to resolution of the claim. Even if the Plaintiff was the prevailing party, which is not stipulated by Defendant, the parties do not agree on a reasonable fee in a case involving arguably a technical violation or that Plaintiff's complaint served the public interest as NACA willingly provides interpreters when requested. Defendant contends that *Farrar v. Hobby*, 506 U.S. 103 (1992) is applicable to limit or potentially eliminate any attorney's fees, if the Plaintiff prevails. The Court, while holding that a nominal damage award made the plaintiff a "prevailing party" for purposes of attorney fees, nonetheless allowed fees to be denied based on limited success.

## VII. LIST OF WITNESSES

### 1. Plaintiff's Witnesses

#### A. Jane Cummings

Jane Cummings is the Plaintiff in this action. Ms. Cummings will testify that that she is a deaf individual who communicates primarily using American Sign Language. Ms. Cummings will also testify that in the summer of 2016, she called Neighborhood Assistance Corporation America ("NACA") through Video Relay Services ("VRS") and requested the organization to provide her an American Sign Language ("ASL") interpreter to attend NACA's workshops. She was told to provide her own interpreter on two separate calls—in violation of federal law—and can authenticate the transcript of the second call.

Ms. Cummings' testimony is probable, and she was deposed.

### B. Celia Garza

Celia Garza worked for Defendant in 2016 and allegedly answered Ms. Cumming's VRS call. Ms. Garza will testify about her recollection, if any, about the conversation with Ms. Cummings. Ms. Garza will also testify about her knowledge in handling requests for accommodation.

Ms. Garza testimony is probable, and she was deposed.

### C. Angeanette Dowles

Angeanette Dowles is Defendant's corporate representative. Ms. Dowles will testify about NACA's policies and procedures regarding requests for accommodations. Ms. Dowles will also testify about NACA's federal funding.

Ms. Dowles testimony is probable, and she was deposed.

### D. Representative from DAC Interpreting

This witness will be able to authenticate the transcript of the second VRS call between NACA and Jane Cummings.

This witness will be a custodian of record and was not deposed.

### 2. Defendants' Witnesses

In addition to the witnesses called by Plaintiff:

### A. Mickie Thompson

Mickie Thompson is an employee of NACA and was the manager of the Dallas office in July 2016. She is expected to testify to the staffing of answering telephones at the office.

Ms. Thompson's testimony is probable, and she was deposed.

### B. Angeanette Dowles

In addition, Ms. Dowles is expected to testify to her experience in arranging for ASL interpreters and other interpreters for NACA members and prospective members requesting an interpreter. Further, Ms. Dowles is expected to testify as to the nature and content of the workshop presentation.

## VIII. SETTLEMENT DISCUSSIONS

The settlement negotiations are as follows:

Defendants offered $5,000 and Ms. Cummings to attend NACA's homebuyer workshop (group or private) with an American Sign Language interpreter at NACA's cost.

Plaintiff countered that Defendant's pay $1,000 to Ms. Cummings, Ms. Cummings to attend NACA's homebuyer workshop (group or private) with an American Sign Language interpreter at NACA's cost, and reasonable costs and attorneys' fees to be determined by the Court

## IX. EXHIBITS

### 1. Plaintiff's Exhibits

**Exhibit 1**: 2015 NACA Purchase Workbook

**Exhibits 2:** Transcript of a Video Relay Service Call Between Jane Cummings and NACA

**Exhibit 3:** NACA's Policies and Procedures

**Exhibit 4:** NACA's Workshop Sign-Up Portal from NACA's website

**Exhibit 5:** Recording of VRS Phone Call

2. **Defendant's Exhibits**

   **Exhibit 1:** Plaintiff's ADA Discrimination Complaint Form

   **Exhibit 2:** NACA Qualification Workbook

   **Exhibit 3:** NACA Personnel Manual

X.   **DEPOSITION DESIGNATIONS**

The parties anticipate all witnesses will appear as live witnesses. The parties reserve their right to introduce deposition testimony if the witnesses fail to appear at trial.

Respectfully submitted,

**EISENBERG & BAUM, LLP**

*s/Reyna Lubin*
By: Reyna Lubin NY#5540570
Andrew Rozynski NY#505446
24 Union Square East, Penthouse
New York, NY 10003
Telephone No. 212-353-8700
rlubin@eandblaw.com
arozynski@eandblaw.com
*Attorneys for Plaintiff*

**QUINTAIROS, PRIETO, WOOD & BOYER, P.A.**
By:  */s/ David M. Hymer*
**DAVID M. HYMER**
State Bar No. 10380250
david.hymer@qpwblaw.com
1700 Pacific Avenue, Suite 4545
Dallas, Texas 75201
(214) 754-8755
(214) 754-8744 (Fax)

ATTORNEY FOR DEFENDANT
NEIGHBORHOOD ASSISTANCE
CORPORATION OF AMERICA


SO ORDERED on the 22 day of July, 2024:

_____
BARBARA M. G. LYNN
SENIOR UNITED STATES DISTRICT JUDGE